Mitchell v. Cooley.

*Benjamin,* for the plaintiff.
*Rawle,* for the appellants.

---

### James Mitchell *v.* Thomas Jefferson Cooley.

Where one stipulates in a sale that his vendee shall pay to his vendor a balance of the price yet due, the original vendor may be viewed as merely *adjectus solutionis gratia*—entitled to receive, but not to sue for the amount.   Not being a party to the contract, he will not be bound by its stipulations, and may continue to look to his own vendee for payment ; while, on the other hand, the parties to the agreement may annul it.    But if he, in whose favor such a stipulation is made, consents to avail himself of it, he thereby makes himself a party to the contract, which cannot afterwards be revoked without his assent ; and he may sue to recover the amount thus stipulated in his behalf.

Doubts as to the construction of a contract cannot avail one, who, not being a party thereto, can base his right to sue in his own name, only on a clear and unequivocal stipulation in his behalf.

Appeal form the Commercial Court of New Orleans, *Watts,* J.
*Mitchell, pro se.*

Mitchell v. Cooley.

*Cooley*, appellant, contended, that he was not personally bound to the plaintiff, under the act of sale between Robin and himself; citing Pothier on Obligations, No. 57. 3 Delvincourt, 378, note 2. Journal du Palais, (ed. of 1841,) vol. iv. p. 510, (9 Floreal, an. xiii.) Ibid. vol. xv. p. 315, (8th June, 1819.) 20 Duranton, No. 256, or edit. of 1841, vol. xi. p. 143.

Morphy, J. On the 1st of September, 1835, the petitioner sold to Mrs. Camp, a tract of land, in the Parish of Pointe Coupée, for a consideration which is expressed in the deed of sale, as follows, to wit:

" The present sale is made for and in consideration of the sum of three thousand five hundred dollars, payable as follows : five hundred dollars in cash, which the vendor acknowledges to have received to his satisfaction; five hundred dollars payable in one year from this day; and the remaining two thousand five hundred dollars, being appropriated to meet the rights of the minor children of the vendor, are to remain on interest, the principal to be payable as the mortgage of the said minors is diminished or released, and the interest to be paid half-yearly in advance, at the rate of six per cent per annum, &c. The property herein above described and sold, remaining specially, and, by privilege, mortgaged and hypothecated, with confession of judgment, to secure the payment of three thousand dollars, as also the interest herein above stipulated to be paid."

On the 24th of August, 1836, Mrs. Camp sold the property to L. Daigre, who assumed her obligations in relation to the $2500.

On the 31st of May, 1837, Daigre sold the same property to A. Robin, who assumed his vendor's obligations concerning the sum of $2500, in the following terms :—" *Le sieur Robin devra payer et payera comme il promet de le faire ici, au sieur Mitchell, ou a ses ayant-cause, la somme de deux mille cinq cents piastres en capital et intérêts, ainsi et de la même manière que s'y est engagée la dame Henry S. Camp par l'acte du premier Septembre précité, auquel acte les parties se réfèrent; le dit sieur Robin prenant la réversion de l'hypothèque qui assure ce paiement.*"

On the 30th of March, 1839, Robin sold to the present defendant, Thomas J. Cooley, who assumed an obligation touching the aforesaid sum of $2500, in the following words :—" *La présente*

*vente est faite pourl a somme de cinq mille cinq cents piastres, que le sieur Cooley promet payer, savoir : 1° deux mille cinq cents piastres en l'acquit du vendeur et de ses vendeurs antérieurs aux enfans mineurs du sieur J. Mitchell, ainsi et de la manière que s'y est obligé le vendeur par l'acte du 31 Mai précité, auquel les parties se réfèrent; le dit sieur acquéreur se mettant au lieu et place du dit sieur vendeur, prenant la reversion de l'hypothèque qui assure le paiement de la dite somme.*"

On the 24th August, 1841, the defendant sold the land to his brother, Ebenezer Cooley, who assumed the like obligations, in relation to the sum of $2500.

James Mitchell, Jr., one of the plaintiff's four surviving children, having become of age on the 1st of October, 1841, the plaintiff demanded of the defendant the payment of $625, being the portion accruing to the said James Mitchell, Jr., out of the sum aforesaid of $2500 ; and, at the same time, tendered to him a receipt of his said son, under private signature, of the following tenor, to wit :

" *New Orleans, 28th October*, 1841.

" Received from my father, James Mitchell, six hundred and twenty-five dollars, being for my share, or part, in the estate of my late mother, deceased, and in full of all claims or demands against my said father ; and I do hereby release any and every mortgage, right, or privilege, I have on the property of my father, authorizing and empowering all and every Recorder or Keeper of Mortgages to release and cancel the same, and especially the mortgage or privilege I have on a property situated in the Parish of Pointe Coupée, sold by my father to Mrs. Amelia Camp, and afterwards purchased by the Honorable Thomas Jefferson Cooley.

"JAMES MITCHELL.

" ED. GARDÈRE, *Witness*."

On the refusal of the defendant to pay, the present suit was brought to recover the said sum of $625, with interest, at six per cent per annum, from the 1st of September, 1841, together with $75 for the semi-annual interest due at the same date.

The defence set up is : 1st. That the defendant is not personally bound to the petitioner, under the act of sale of Robin to

him ; that he only bought the property, subject to the payment of the $2500, due to the minor children of the petitioner ; and that, as he has sold the same to E. Cooley, the petitioner must look to the property in the hands of the present owner. 2d. That if the defendant is personally bound in the same manner as Mrs. Camp, the original vendee, the plaintiff has not complied with his contract, or the *condition precedent* of releasing or reducing the mortgage of the minors on the property, so as to entitle him to claim the portion of the price he now sues for. 3d. That there exists on the property a tacit mortgage, resulting from the natural tutorship of the plaintiff of his minor children, for the amount of their rights in the succession of their grandfather, Benjamin Jewell, Sen., by representation of their mother.

In the several sales which preceded that of Robin to the defendant, the personal obligation to pay the $2500 to the plaintiff, as original vendor of the property, is expressed in unequivocal terms. These successive sales did not deprive the plaintiff of his right of looking to either of the purchasers, thus personally bound, so long as he had not accepted one of them as his debtor, in lieu of his original vendee. Although the clause in the sale to defendant is not so explicit as in the preceding sales, yet it implies, in our opinion, a personal obligation. It has been contended, that it contains no stipulation, *pour autrui*, which, when accepted, entitles the obligee to an action against the defendant, but merely constitutes such obligee an *adjectus solutionis gratia*, as known to the Roman law, who has a right to receive the money, but cannot sue for it, as he does not, by such a clause, become a creditor. We cannot acquiesce in this view of the subject. When a person stipulates in a sale, that his vendee shall pay to his vendor a balance of the price yet due, the original vendor, who is thus delegated to receive such amount, may, to be sure, be viewed as being *adjectus solutionis gratia*. Not being a party to the contract, he is not bound by the stipulation ; and he may continue to look to his own vendee for payment. On the other hand, the parties to the sale may annul and destroy the agreement, but if the person, in whose favor such a stipulation is made, consents to avail himself of it, he thereby makes himself a party to the contract, which cannot afterwards be revoked without his assent,

and he can bring suit to recover the amount thus stipulated in his behalf. Code of Practice, art. 35. Civil Code, art. 1844. 6 Toullier, Nos. 150 and 153. Pothier on Oblig. Nos. 58, 71, and 480. 2 Mart. N. S. 672. 6 Ib. N. S. 152. 5 La. 316. 15 La. 184. 17 La. 60. But while we consider the obligation of the defendant to pay the $2500 as a personal one, it appears to us to have been entered into by the defendant, not in favor of the petitioner, but of his minor children. If such be the case, the petitioner would be without any right of action in his own name. The assumption of the defendant differs widely from that of the prior purchasers. While the latter bound themselves to pay into the hands of the plaintiff, the money appropriated to meet the rights of his children, the defendant thought proper to bind himself to pay it to the minors themselves. His object might have been the better to protect himself, by receiving directly from each of the minors, on his becoming of age, an acquittance and release of the mortgage, for the portions of the money respectively paid to them. This construction is warranted by the plain import of the words used in the sale. If any doubts should result from the whole context of the clause of assumption, considered in connection with the prior sales to which it refers, such doubts cannot avail the plaintiff, who, not having been a party to the contract, can base his right to sue in his own name, only on a clear and unequivocal stipulation in his behalf. The circumstance of the semi-annual interest having been paid to the plaintiff, during the time the defendant was in possession of the land, can have but little or no weight, as the defendant could pay the interest due on the minors' money to no other person than their father and natural tutor. This view of the subject renders it unnecessary to examine the other questions presented by the record

It is, therefore, ordered, that the judgment of the Commercial Court be avoided and reversed, and that the plaintiff's petition be dismissed, with costs in both courts.