JAMES I. AMONETT, Appellant, *vs.* EDWARD D. MONTAGUE, *et al.*, Respondents.

63 201
36a 280
63 201
41a 382
63 201
46a 287

1. *Contracts—Agreement with debtor to pay his debts—Suit on for amount of note given by debtor—Witness—Death of party to contract—Statute, construction of.*—Where suit is brought on an obligation given to a debtor to pay his debts, for the amount of a note given by the debtor to the plaintiff, the latter would not be rendered incompetent as a witness under the statute (Wagn. Stat. p. 1372, § 1,) by reason of the death of the maker of the note; since the obligation sued on having been made to the maker, and not by him, he could not, if living, have been made a party defendant, and the holder never was a party to the contract sued on; and the law gave him a privity thereto, only by reason of his interest.

2. *Writing, construction of—Court.*—Generally speaking, written instruments are to be construed by the court.

3. *Writing, construction of—Parol testimony as to, proper, when.*—Where a statement of debt on which suit is brought is " due to B. F. Hinds, and J. I. Amonett, principal and interest $12,000," without more, parol testimony is proper to show whether the debt is joint or. several, and an instruction of the court that the statement shows it to be joint, is improper.

*Appeal from Howard County Circuit Court.*

*Guitar & Gordon*, for Appellant.

I. If the debts of the covenantees were separate, the agreement, sued on, though joint in its terms, was joint or several. (1 Chit. Plead. pp. 10, 11 ; 1 Saund. 154, note 1 ; 8 Taunt. 247, 248 ; 2 Mass. 405; 6 Wend. 263 ; 4 Wend. 414; 19 John. 216 ; 13 East. 538 ; 1st Pars. 17 ; 51 Mo. 466 ; 17 Mo. 150 ; 19 Mo. 42 ; 1 Mon. 13 ; 4 Pick. 291; 2 Dana, [Ky.] 460.)

II. The contract sued on was made with Robt. V. Montague by defendants, and made for the benefit of plaintiff, and he therefore had a right to sue and recover the amount of his separate debt or damages. (See Meyer vs. Lowell, 44 Mo. 329 ; Flanagan vs. Hutchison, 47 Mo. 237 ; Besshears vs. Rowe, 33 Mo. 118 ; Manny vs. Frazier's Adm'r, 27 Mo. 419; Robins vs. Myers, 10 Mo. 538 ; Rogers & Peck vs. Gosnell, 51 Mo. 467 ; Holt vs. Dollarhide, 61 Mo. 433.)

III. There was no legal presumption, on a proper construction of the contract, that the debt assumed was a joint one.

IV. The court erred in allowing Reuben V. Montague to be sworn, and to testify on the part of defendants. He being a party to the contract sued on, and Robt. V. Montague, the obligor in the contract, being dead, he was not competent to testify and should have been excluded by the court. (Wagn. Stat. p. 1372, § 1; Anderson, Adm'r, vs. Hand, 49 Mo. 159; Stanton vs. Ryan, 41 Mo. 510.)

V. The court erred in excluding the evidence of J. I. Amonett, the appellant. Robt. V. Montague, deceased, who was the obligor in the contract sued on, and with whom the defendants contracted to pay plaintiff's debt, was not a party to this suit; and appellant is not seeking in this action to make his estate or legal representatives liable for his debt.

*Thos. Shackleford,* for Respondents.

I. On the theory relied on to sustain this action that the contract was made for the benefit of plaintiff, then, Robert V. Montague and Michael Montague, both being parties to said agreement, and both dead, the plaintiff was not a competent witness to prove that he was the beneficiary intended by the agreement.

II. Reuben V. Montague, although a party to the original agreement with his father, yet, not being a party to this suit, is a competent witness. (Looker vs. Davis, 47 Mo. 140.)

III. Whatever may be the opinion of the court in regard to the question of competency or incompetency, the verdict being for the right party on the state of the pleadings, as admitted by the demurrer, ought to be affirmed. Even admitting the right of plaintiff to sue as upon a contract made for his benefit, and that the notes sued upon were the debts intended to be assumed, he cannot bring a suit in his own name without joining Hinds as a party so that the court may determine how much of the $12,000 agreed to be paid Hinds and Amonett is due to each. (Robbins vs. Ayers, 10 Mo. 538; Wagn. Stat. 1001; Bailey vs. Powell, 11 Mo. 414; Cartwright vs. Callaway Co., 10 Mo. 663; State vs. Hesselmeyer, 34 Mo. 76.)

IV. In this case it cannot be said from the terms of the contract (even if in full force) that the same was made for the benefit

of the plaintiff and the other parties mentioned.   On the contrary, the contract is made solely for the benefit of Bobert V. Montague, and he had the right to rescind it.   This case is clearly distinguishable from the case of Rogers vs. Gosnell, (58 Mo. 589 ;) and comes directly within the principles laid down in the case of Page vs. Becker, 37 Mo. 466 ; and Murry and others vs. Frazier's Adm'r, 27 Mo. 419, see also Fithian vs. Monks & Brooks, 43 Mo. 502.

HOUGH, Judge, delivered the opinion of the court.

On the 12th day of August, 1861, Robert V. Montague sold and transferred to M. L. Montague, Reuben V. Montague and the defendants, C. R. and E. D. Montague, a large amount of real and personal property, situate in the State of Louisiana, for and in consideration of the sum of about $80,000, for which the said grantees gave their promissory notes and their promise to pay the amount of a certain legacy, and in further consideration of the promise and agreement of said grantees to pay off and discharge certain enumerated debts of the said Robert V. Montague, amounting in the aggregate to $62,100.

In the list of obligations so assumed to be paid, appears the following statement of indebtedness : "And due to B. F. Hinds and J. I. Amonett, amounting, principal and interest, to about $12,000."

Upon the foregoing undertaking of defendants' the plaintiff seeks to recover the full amount of two promissory notes, for the sum of $1,153 $\frac{45}{100}$ each, made and delivered to the plaintiff by the said Robert V. Montague on the 23d day of July, 1860, and payable respectively on the 10th day of June, 1862, and on the 10th day of June, 1863, with interest at eight per cent. Plaintiff alleged in substance that said notes represented part of the indebtedness of the said Robert V. Montague provided for in said contract, and that the said indebtedness of the said Robert V. Montague to him, provided for in the contract aforesaid, arose solely out of the notes aforesaid ; that they were payable to him alone, and that B. F. Hinds had no interest whatever in them.

Numerous defenses were interposed which were adjudged insufficient on demurrer, and the only question submitted to the jury was, whether the promise of the defendants applied to the claim presented by the plaintiff.

To ascertain that fact both parties agreed that parol testimony was admissible, and testimony was adduced upon that point without objection.   This testimony tended to show that the indebtedness of Robert V. Montague to Hinds and Amonett was several and not joint.   The deposition of the plaintiff was offered, and excluded on the ground that Robert V. Montague, who was a party to the contract sued on, was dead.   Reuben V. Montague, one of the parties to the contract sued on, but not a party to the suit, was sworn as a witness and testified in relation thereto, against the objections of the plaintiff.

The following instruction given by the court at the request of the defendants, was objected to by the plaintiff: "The jury are instructed that the presumption of law is, that the debts intended to be paid by the defendants by said written agreement, were debts due and owing by R. V. Montague, or M. L. Montague, to Hinds and Amonett jointly, and it devolves upon the plaintiff to prove to the satisfaction of the jury, that the notes of R. V. Montague to plaintiff were intended to be paid by virtue of said agreement, and unless the jury so believe from the evidence, they must find for the defendants."

There was a verdict and judgment for the defendants, from which plaintiff has appealed to this court.

The exceptions taken by the defendants to the action of the court on the pleadings and at the trial cannot be noticed, as the case is before us only on the appeal of the plaintiff.   There is no cross appeal.

The testimony of the plaintiff, which was offered and rejected, was material to the issue submitted to the jury, and if the plaintiff was a competent witness, it should have been received.

The statute allowing parties to testify, contains the following proviso: " *Provided*, that where one of the original parties to the contract or cause of action in issue and on trial is dead, or is

shown to the court to be insane, the other party shall not be ad-
mitted to testify in his own favor." (Wagn. Stat. p. 1372, § 1.)

This proviso has been considered by this court in several cases,
in none of which, however, were the relations of the parties pre-
cisely what they are in the case at bar.

In the case of Looker vs. Davis (47 Mo. 140), the conclusion
was reached by Judge Wagner, after some hesitation, that the
proviso was only intended to apply to cases where the litigation
was between the party offered as a witness, and the representa-
tives of the deceased, in reference to some contract or other mat-
ter, to which the deceased and the party offered as a witness were
parties. Whether the reason of this rule would extend it to a
case where a co-obligor of the deceased was the only party to
the suit, it is not necessary to inquire.

Robert V. Montague could not, if living, have been a party de-
fendant to this suit, because the promise sued upon was made to
him and not by him. Moreover, the plaintiff in this suit never
was a party to the contract sued on. This action is not founded
upon the idea that the plaintiff was, or at any time became, a
party to the contract, either in fact or by fiction of law; but upon
the ground that the law entitles him to acquire a privity with re-
spect thereto, by reason of his interest. (Throop on the validity
of Verbal Agreements, vol. 1, § 39a.)

We think, therefore, that the court erred in ruling that the
plaintiff was not a competent witness under the statute, and for
the same reasons we think the court committed no error in per-
mitting Reuben V. Montague to testify. In regard to the in-
struction complained of, while we recognize the rule that written
instruments are ordinarily to be construed by the court, we are
not prepared to say that the law presumes from the language em-
ployed in the contract under consideration, that R. V. Montague
was indebted to B. F. Hinds and J. I. Amonett jointly. The
character of the debt to be paid was not ascertained by the con-
tract; it was not stated whether it was by bond, note, account,
or by judgment; whether the obligation of Montague was as

principal or surety ; neither date nor amount of the principal debt was stated.

The identity of the subject matter of the contract not being definitely ascertained by its terms, parol testimony was admissible to make it certain. The language employed might with equal propriety be interpreted to mean, that there was due to B. F. Hinds and J. I. Amonett jointly the sum of $12,000, or that there was due to B. F. Hinds and J. I. Amonett severally, but in the aggregate the sum of $12,000.

They were designated by their respective names in full, and not in the style usually employed to denote a firm or co-partnership. When the indebtedness provided for is fully ascertained in all its details, whether such indebtedness was joint or several, may be made to appear. It devolved upon the plaintiff, when claiming the benefit of the defendants' promise, to show that the debt for which he asked judgment was provided for by the contract ; and, under the circumstances of this case, we cannot say that there is any presumption of law that such debt was joint, and not several. If, in this case, the legal effect of the clause designating the debt is to be declared by the court, we do not see why the defendants may not with equal propriety claim to be absolved from all liability, if the indebtedness of Montague to Hinds and Amonett should appear from the testimony to be several and not joint ; that, having contracted to pay a joint indebtedness, they should not be held bound for a several indebtedness. Whether the debt was joint or several was one of the facts to be determined by the jury from the evidence offered to identify the indebtedness.

The judgment will be reversed and the cause remanded. The other judges concur.