## The State v. Gann, *Appellant.*

1. **Practice, Criminal**: INSTRUCTIONS. If a jury in a criminal case assess against the defendant a punishment authorized by law for the crime with which he is charged, it will be no ground for setting aside the verdict, that the court in its instructions under-stated the maximum punishment permitted, and authorized the jury to impose other punishments not permitted by law.

2. ———: REASONABLE DOUBT: EVIDENCE. An instruction defined a reasonable doubt to be " a real, substantial and well founded doubt, and not a mere possibility that the defendant is innocent;" and added that "the testimony of one witness, if true, is sufficient to warrant a conviction." *Held,* no error.

3. ———: INSTRUCTIONS. This court will not reverse a judgment for failure of the trial court to give an instruction which is substantially embraced in one that is given, or for failure to give an instruction calling the special attention of the jury to particular facts in evidence.

4. ———: EVIDENCE. This court refuses to set aside a verdict as being unwarranted by the evidence, although not entirely satisfied of its correctness.

*Appeal from Dallas Circuit Court.* — Hon. R. W. Fyann, Judge.

AFFIRMED.

*Amos S. Smith* for appellant.

*J. L. Smith,* Attorney-General, for the State.

Henry, J.—The defendant was indicted in the Dallas circuit court under section 29, page 449, Wagner's Statutes, for shooting at one Peter Looney, and, on a trial at the October term, 1879, was found guilty and sentenced to the penitentiary for a term of two years, and has brought his case here by appeal. The only errors complained of are the giving of instructions for the State, and refusing instructions asked for by defendant.

The first instruction for the State told the jury, if they found defendant guilty, as charged in the indictment, they

1. PRACTICE, CRIMI-
NAL: instructions. should "assess his punishment at not less than two nor more than five years in the penitentiary, or by confinement in the county jail not less than six months; or, by both a fine not less than $100, and confinement in the county jail not less than six months, or by a fine of not less than $100." § 29, *supra*. The punishment prescribed for the crime of which he was accused, is "imprisonment in the penitentiary not exceeding ten years," and what the court, in the instruction, declared to be the punishment, is that prescribed for the offense defined in the 32nd section. The court erred, but the defendant should be the last person to complain of it. His punishment, if guilty, under the 29th section, could not have been less than two years imprisonment in the penitentiary, and might have been ten, while, by the error of the court, he might have suffered only imprisonment in the county jail, or a fine of $100. It is not an error for which the judgment should be reversed, at his instance. The State might have complained of the instruction. The case is unlike that of the *State v. Arter*, 65 Mo. 654, in which it was held that on the trial of a party for an alleged crime, the jury should not be instructed in a manner to warrant his conviction of another and different offense. They were required in the case at bar to find against him the facts constituting the offense with which he was charged, before they could convict him, and the only error was, in permitting them to impose a lighter punishment than the law prescribed. If a different punishment than that prescribed for the offense, even what would generally be esteemed a lighter punishment, had in fact been imposed upon defendant, a constitutional question not entirely free from difficulty would have been presented.

The instruction in regard to a reasonable doubt is also complained of, but it seems that the only objection to it is, 2. ——: reasona-
ble doubt: evi-
dence. that it is not in the form in which it is generally given. There is no prescribed form in which it is required to be given. If the substance of the

law on the subject is embodied in the instruction, it will be sufficient. This one defines a reasonable doubt to be "a real, substantial and well founded doubt, and not a mere possibility that the defendant is innocent; and that the testimony of one witness, if true, is sufficient to warrant a conviction." It is no easy matter to define exactly what is a reasonable doubt, but the definition here given is sufficiently accurate for all practical purposes, and the declaration that "the testimony of one witness, if true, is sufficient to warrant a conviction," is unquestionably correct.

Defendant complains of the refusal of the 4th and 6th instructions asked in his behalf. The 4th was substantially embraced in others given, and the 6th asked the court to tell the jury that, in making up their verdict, they should take into consideration the testimony of Peter Looney, as to his relations with the defendant at the time of the alleged shooting, and the failure of the State to prove a malicious feeling, or intent, upon the part of defendant toward Peter Looney, together with all the facts and circumstances relative to the case. The court is not required to embody in an instruction every separate fact proved in a case, nor is it proper to do so. Every proved fact, and all the evidence tending to prove, or disprove, any material allegation, are for the consideration of the jury; and to single out each fact, and call their especial attention to it, would be to impute a degree of ignorance to juries which does not exist.

3. ——: instructions.

Nor can we reverse the judgment on the ground that the verdict was not warranted by the evidence. We have frequently read evidence much more satisfactory of guilt than is contained in this record, and while, as jurors, we might have hesitated to find the defendant guilty, we cannot interfere with the verdict, when the evidence for the State, if believed, and no absolutely satisfactory reason appears why it should not be believed, is sufficient to warrant a conviction. The judgment is affirmed. All concur.

4. ——: evidence