75   43
39a 218
41a 382

75   43
78a 370

## AMONETT v. MONTAGUE, *Appellant.*

1. **Suit by Third Party on a Contract for his Benefit:** WITNESS. Where a third person sues upon a contract made for his benefit in the state of Louisiana (as by the law of that state he may) the fact that the other party to the contract is dead will not, in the courts of this State, prevent the party sued from testifying in his own favor.

2. ————: REVOCATION : FAILURE OF CONSIDERATION : CONFLICT OF LAWS. Under the law of Louisiana it is a good defense to an action by a third person upon a contract made for his benefit, to show either that the contract was rescinded by the parties before it was accepted by the plaintiff, or that the consideration for it has failed ; and this rule will be enforced by the courts of this State in such an action brought here upon a contract made in Louisiana.

3. ————: LIMITATIONS. A plea that a note is barred by the statute of limitations will be no defense to an action by the holder of the note against a party who has agreed with the maker to pay it.

*Appeal from Randolph Circuit Court.*—Hon. G. H. Burck-hartt, Judge.

Reversed

The facts will be found stated in the opinion in volume 63 Mo. Rep. 203.

*Gage & Ladd* for appellant.

1. Under the laws of Louisiana, the Montagues, father and son, had complete control of the contract and might rescind or abandon it at their own arbitrary volition, at any time before the plaintiff consented to it. Whatever would be a good defense for the sons against a suit by the father, is equally good against this action by plaintiff. La. Civil Code, arts. 1884, 1896; *Tiernan v. Martin*, 2 Rob. (La.) 523; *Brandon v. Hughes*, 22 La. Ann. 360; *Mitchell v. Corley*, 5 Rob. 243; *Union Bank v. Bowman*, 9 La. Ann. 195; *Janney v. Ober*, 28 La. Ann. 281.

2. Delivery of possession of the property sold, especially of the slaves, was an essential part of the act of sale; without it there was no consideration for the undertaking of defendant. Having failed to consummate the sale by delivery, Robert V. Montague could not have recovered from his sons, and consequently plaintiff cannot recover. Benjamin on Sales, (2 Ed.) book 2, chap. 7; La. Code, art. 2458.

3. Robert V. Montague, by the agreement sued on, guaranteed to his sons the title to all the property conveyed. A portion of the lands were subject to mortgages to plaintiff, Hinds and others. The title to these lands has thus far failed. The creditors did not, during the life of R. V. Montague, consent to accept the assumption of the vendees; it was, therefore, beyond their power to obtain a clear title to the lands. Under these circumstances the father could not enforce the contract, and consequently plaintiff cannot.

4. Robert V. Montague's debt to plaintiff was barred by the statute of limitations of Louisiana before plaintiff assented to the stipulation in his favor. The contract of defendant was to pay—not the notes sued on—but "due to B. F. Hinds and J. I. Amonett, amounting, principal and interest, to about $12,000." It was a sum due and owing The sons could only pay what their father owed. The father died April 21st, 1866. The statute of limitations barred the debt and it could not be revived, he being dead. The contract of defendant does not create or extend the father's liability; it only agrees to meet it.

5. Either plaintiff was incompetent to testify, or Montague was competent. Under the law of Louisiana certainly, a third party for whose advantage a promise is made, by consenting thereto, becomes a party to that contract The contract between the father and sons, before it was assented to by plaintiff, was in the nature of a proposition to plaintiff by the father and sons, that the sons might and would—with plaintiff's consent—pay him the father's debt. By consenting he accepted the proposition so made. That proposition so made and accepted constituted a contract between plaintiff, of the one part, and the father and sons of the other part, or else it was a tripartite contract between the father of the first part, the sons, of the second part, and plaintiff of the third part. If the former view is correct, then, there being two parties of the first part, and only one of them, the father, dead, all the remaining parties are competent, and it was error to exclude defendant If the latter view is the proper one, and the contract tripartite, then one party being dead, all the remaining parties were incompetent, and the plaintiff should have been excluded *Fulkerson v. Thornton*, 68 Mo. 468

*Chas. A. Winslow* and *T. Shackelford* also for appellant.

The contract between defendant and Robert V. Montague, is not, in a direct and literal sense, "in issue and on

trial" in this action, within the meaning of the statute, but is only incidentally involved as it respects the original. parties.   The real " contract or cause of action in issue and on trial" here, is the promise of defendant to Robert V. Montague to pay plaintiff's debt, to which the law by a fiction attaches a privity in favor of plaintiff, and permits him to sue upon it as though originally entered into with him.   In other words, for the purpose of maintaining the action the law treats the contract as one between plaintiff and defendant.   Or, treating Robert V. Montague as the trustee of an express trust, as was done in *Rogers v. Gosnell*, 51 Mo. 466, the same results would follow.   In either case, his death would not render either party to this action an incompetent witness.   If incompetent as to some matters, defendant was certainly not so as to all.   *Looker v. Davis*, 47 Mo. 140; *Poe v. Domic*, 54 Mo. 119; *Martin v. Jones*, 59 Mo. 181; *Amonett v. Montague*, 63 Mo. 201; *State v. Huff*, 63 Mo. 288; *Bradley v. West*, 68 Mo. 63.   Under article 1895 Louisiana Civil Code, the Montagues had a right to rescind the contract, and this was a good defense.   *Davis v. Calloway*, 30 Ind. 112; 15 Am. L. Rev. 250.   So much of the answer as set up a failure of consideration presented a valid defense to this action.   The consideration which supports the plaintiff's action is the consideration which supports the deed containing the promise on which he sues. It is in legal effect an action for the purchase money reserved in the deed.   In an action by the grantor against the grantees for this purchase money the failure of the consideration, total or partial, would have been a good defense.   Why, then, cannot the same defense be made available against this plaintiff?   *Union Bank v. Bowman*, 9 La. Ann. 195; *Lapene v. Delaporte*, 27 La. Ann. 252; *Loeb v. Weis*, 64 Ind. 285.   The statute of limitations is a good defense.   Civil Code La., arts. 1884, 3505; R. S. Mo. 1879, § 3230; *Mitchell v. Cooley*, 5 Rob. 240; *Wiggin v. Flower*, 5 Rob. 414; *Twichel v. Andry*, 6 Rob. 410; *Bell v. Lawson*, 12 Rob. 152.

*Wellington Gordon* and *Ewing & Hough* for respondent.

Although a mortgage was retained· by plaintiff on lands sold by him to R. V. Montague, to secure his notes to plaintiff, this was a transaction had between plaintiff and R. V. Montague, and did not in any way affect the liability of defendant on his written assumption to pay what he owed deceased to plaintiff, nor was this all of the property conveyed by R. V. Montague to defendant and his brothers. No release of the mortgage retained by plaintiff was necessary to fix the liability of defendant, nor was it necessary for any to move from plaintiff to defendant to bind him to pay the obligation, nor was it necessary. for plaintiff to accept or adopt said promise, in order to bind defendant. The law presumes he accepted, if made for his benefit, and to overthrow this presumption, a dissent must be shown. *Rogers v. Gosnell*, 58 Mo. 589. The non-delivery and receipt of the property conveyed by R· V. Montague, deceased, to defendant, is no legal defense to plaintiff's action. The authentic act declared on, vested the title to the property conveyed in defendant and his brothers, and the right to reduce the same to possession; and the non-receipt of the consideration constituted no legal defense to the action under the laws of the state where made, nor under the laws of this State. Civil Code of La., arts. 1895, 1944, 1945, 1952, 2231, 2233, 2234, 2242. The contract sued on could not, by parol, and without the knowledge or assent of plaintiff, be rescinded or annulled by agreement between R. V. Montague and defendant and his brothers, and without a re-conveyance of the estate acquired by defendant from R. V. Montague under the contract sued on. *Berly v. Taylor*, 5 Hill 584; *Rogers v. Gosnell*, 58 Mo. 591. The plea of the statute of limitations · of the state of Louisiana is no bar to plaintiff's action, as the *lex fori* governs the question of limitation, and said plea, as set up, goes to the original debt and not to the

covenant sued on. *McMerty v. Morrison*, 62 Mo. 140; *Carson v. Hunter*, 46 Mo. 467; *Baker v. Stonebraker*, 36 Mo. 341. Robert V. Montague, who was the obligor in the contract sued on, and with whom defendant contracted to pay plaintiff's debt, being dead, and defendant being a party to the suit and a party to the contract or cause of action in issue and on trial, he was incompetent to testify. *Angell v. Hester*, 64 Mo. 142; *Looker v. Davis*, 47 Mo. 143; *Amonett v. Montague*, 63 Mo. 205; *Stanton v. Ryan*, 41 Mo. 510; *State v. Meagher*, 44 Mo. 356; *Johnson v. Quarles*, 46 Mo. 423; *Byrne v. McDonald*, 1 Allen 293; *Hubbard v. Chapin*, 2 Allen 328; *Granger v. Bassett*, 98 Mass. 462; *Man'f'g Bank v. Scofield*, 39 Vt. 590; *Schwickerath v. Cooksey*, 53 Mo. 82.

HOUGH, J.—This case is now here on the appeal of the defendants. When it was here before on the appeal of the plaintiff, (63 Mo. 201,) it was decided by this court that the plaintiff was a competent witness, and that parol testimony was admissible to ascertain what debts were intended to be provided for by the stipulation of the defendant and his brothers contained in the contract between them and their father, R. V. Montague.

At the first trial the defendant was not offered as a witness. When the case was remanded, the defendant was offered as a witness, but was not permitted to testify.

When this case was first here, the laws of Louisiana affecting the relations of the parties to the contract sued on, were not in evidence or alluded to in argument. Now, however, they have been properly brought before us, and as the contract was entered into in that state, and with reference to the laws there in force, it must be construed according to those laws. It will be unnecessary to cite the provisions of the civil code offered in evidence. It will be sufficient to refer to the decision of the supreme court of Louisiana in *Mitchell v. Cooley*, 5 Rob. 243. It is there said: "When a person stipulates in a sale that his vendee shall

pay to his vendor a balance of the price yet due, the original vendor, who is thus delegated to receive such amount may, to be sure, be viewed as being *adjectus solutionis gratia.* Not being a party to the contract, he is not bound by the stipulations; and he may continue to look to his own vendee for payment. On the other hand, the parties to the sale may annul and destroy the agreement, but if the person in whose favor such a stipulation is made, consents to avail himself of it, he thereby makes himself a party to the contract, which cannot afterward be revoked without his assent, and he can bring suit to recover the amount thus stipulated in his behalf." The same rule obtains in Ohio, (*Stiner v. Dorman*, 25 Ohio St. 378,) and is perhaps the correct one, though it was otherwise ruled by this court in *Rogers v. Gosnell*, 58 Mo. 589. Such being the relations of the parties to this contract under the laws of Louisiana, the plaintiff cannot be heard to object to the competency of the defendant as a witness, under our statute. *Fulkerson v. Thornton*, 68 Mo. 468.

That portion of the answer which set up a rescission of the contract before the stipulation in favor of the plaintiff was accepted by him, and which also set up a failure of consideration, should not have been stricken out. *Brandon v. Hughes*, 22 La. Ann. 360 ; *Mitchell v. Cooley*, 5 Rob. 243.

For the reasons given when this case was here before, we are still of opinion that the plaintiff can maintain the present action without joining Hinds, and we see nothing in the sections of the civil code cited, in conflict with this view. It would be absurd to suppose that the intention of the parties in entering into this contract was, that it might, or should, be discharged by the payment of plaintiff's debt to Hinds. R. V. Montague and defendant could hardly have supposed that Amonett would ever accept such a provision made for him as that.

There is nothing in the point that the promise of the defendant and his brothers to pay the debt of plaintiff, was

not an obligation *in solido*. The answer of defendant admits that he was separately bound for the entire amount due plaintiff and Hinds.

The statute of limitations cannot be pleaded in this action to the notes which the defendant promised to pay· If the covenant sued on was not barred when the suit was brought, the plaintiff must prevail, so far as this defense is concerned. This was so decided in the case of the *Succession of Charles Ferguson*, 17 La. Ann. 255, and this is doubtless the rule everywhere.

The judgment will be reversed and the cause remanded. All concur.