Nugent v. Curran.

## NUGENT v. CURRAN, *Appellant.*

1. **Death of one Party to a Contract:** COMPETENCY OF ANOTHER AS A WITNESS. Where one of two parties jointly bound by a contract is dead, the adverse party is not thereby disqualified as a witness in an action upon the contract between himself and the survivor.

2. ——: ——. In an action by the payee against a surety in a note, the surety pleaded and at the trial testified to facts constituting an estoppel against the plaintiff, with which, however, the principal had no connection. The principal was dead. *Held,* that this fact did not disqualify the plaintiff from testifying in his own behalf.

3. **Instructions.** Where instructions are given which fairly present all the issues to the jury, and correctly declare the law, it is not error to refuse other instructions on the same subject.

4. ——. An instruction which is inconsistent with the defense made or submits a defense not made by the answer, is properly refused.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

AFFIRMED.

*Snoddy & Short* for appellant.

*G. C. Heard* and *Geo. P. B. Jackson* for respondent.

WINSLOW, C.—This is an action on a promissory note executed by appellant and one Byrne to respondent, dated

September 2nd, 1872, at one day, with interest at ten per cent.

The answer admits the execution of the note, and sets up as a defense, that appellant signed the note as surety; that, about three years after its execution, appellant learned that Byrne was in failing circumstances, of which he informed respondent, and told her that he wanted her to see Byrne and get other security and release him; that appellant and respondent saw Byrne in April, 1876, who, at their joint request, gave respondent a mortgage on eighty acres of land, in Pettis county, Missouri, to secure the payment of the note sued on, and another note for $200 due by Byrne and wife to respondent; that this mortgage was given on the express agreement that the time of pay-- ment of the note sued on should be extended five years, and appellant released from any further liability on said note, and that appellant never consented to be bound by the stipulation extending the time of payment. As a further defense, it is alleged, in substance, that a few days after the execution of the mortgage, appellant and respondent met, when the respondent told appellant she never intended to make the money out of him, that if she could not make it out of Byrne she would lose it; that at the time the mortgage was executed and the time extended, and at the time of the conversation aforesaid, appellant could have secured himself out of the property of Byrne, but relied on his release under the contracts and conversations aforesaid, and made no effort to do so; and that Byrne has since died insolvent. These matters are set up by way of estoppel.

The reply admits the execution of the mortgage, but alleges that it was given as additional security, and denies all the other averments of the answer.

The trial was by jury. No evidence is preserved in the record; but it is stated, generally, that appellant introduced evidence tending to sustain all the allegations of his answer, and the probable insolvency of Byrne. Also, that re-

spondent introduced evidence tending to disprove the answer and sustain her reply; and tending to show that there was no extension of time, that appellant was not released, that Byrne was insolvent at the time of making the mortgage, and that appellant prevailed on him to execute the mortgage.

On the trial, the court gave seven instructions for respondent, five of which related to the defense growing out of the extension of time. Counsel for appellant make no point on these instructions, in their brief, and we presume their correctness is conceded.

Appellant offered the wife of Byrne as a witness, and offered to prove by her conversations between her husband and respondent, tending to show an extension of the time of payment of the note sued on. This testimony was excluded, and appellant excepted; but counsel make no mention of the point in their brief, and we presume it to have been abandoned.

Respondent offered herself as a witness as to conversations between appellant and herself relating to his release 1. DEATH OF ONE from payment of the note. This was objected PARTY TO A CON- TRACT: compe- to, because Byrne, one of the makers of the tency of another as a witness. note, was dead. The objection was overruled, and appellant excepted. Counsel still insist on the point, and submit ·t on all the well-known authorities, without pointing out those particularly applicable. Appellant and Byrne were parties to the contract adverse to respondent, and it has been held that the statute does not apply where such is the case, and only one of the adverse parties is dead. *Fulkerson v. Thornton,* 68 Mo. 468; *Amonett v. Montague,* 75 Mo. 43.

Besides, the testimony related solely to conversations between appellant and respondent, as to which appellant 2. ——: ——. had testified, tending to disprove the estoppel set up in the answer, which was an issue exclusively between them, and the " cause of action in issue and on trial." Neither of the parties to this issue were dead.

The cause of action, or defense, which is the same thing, originated in new matter set out in the answer by way of a defense in favor of appellant alone, which was put in issue by the reply. The answer does not allege that Byrne had any connection with these matters; and they could constitute no defense to him, or his administrator, if sued on the note. The respondent was competent on this issue. *Poe v. Domic*, 54 Mo. 119; *Martin v. Jones*, 59 Mo. 181.

The remaining question in the case relates to the action of the court in giving and refusing instructions in regard to the second defense alleged in the answer. For the plaintiff, the court gave the following instruction, in connection with an instruction that the burden of proof was on defendant to make out his defense: " You are instructed, in relation to the second defense, that if you should believe that plaintiff stated to the defendant that she did not intend to make the money out of him, or that if she could not make it out of Byrne, she wouldn't try to make defendant pay it, still such statements did not release defendant. To release him under this second defense, you must find from the evidence that the defendant was only a surety on this note; that plaintiff made to him such statements as induced him to believe that she had released him; that he relied upon the same, and that, in consequence of such statements made by plaintiff, the defendant forebore and omitted to take from Byrne security against paying this note; and you must further find that Byrne was, at the time, able to give such security, and that defendant's failure to obtain such security resulted from assurances made to him by the plaintiff."

The following instruction, asked by the defendant, was refused by the court : " It is admitted that the defendant signed the note sued on as a mere surety. And the court instructs the jury that if they believe from the evidence that some time prior to the 22nd day of April, 1876, the defendant went to plaintiff and requested to be released as surety on said note, and that on or about the said 22nd day

*3. INSTRUCTIONS.*

of April, or afterward, and before the commencement of this action, the plaintiff agreed to release him or look to Byrne alone for the payment of the same, or that the acts, conduct or declarations of plaintiff in the premises, were such as to justify defendant reasonably to believe that she had released him as surety, or would look to Byrne alone for the payment of the note, and that defendant did, in consequence thereof, believe that he was discharged, and on that account took no measures to secure himself against his liability as such surety; and they further believe that he could, in all probability, have procured indemnity against the note sued on, either by suit or otherwise, or have collected the same from Byrne, but for such acts, declarations or conduct of plaintiff having led him to believe he was no longer liable, until the said Byrne became hopelessly insolvent, the plaintiff is estopped from recovery in this action, and the finding must be for the defendant."

Counsel for appellant do not complain, in their brief, that the instruction given for plaintiff, on the subject of the second defense, was erroneous, but insist that the court erred in not giving the one asked by defendant. A careful examination and comparison of the two instructions will show no substantial difference between them. The difference is only in language; the legal propositions contained in one find clear equivalents in the other; and the one given by the court possesses the merit of closer conformity to the pleadings and the evidence; while the one refused contains some verbal inaccuracies justifying its refusal. Manifestly, the question of estoppel was as fairly submitted to the jury as the pleadings and evidence justified, and the appellant has no just cause of complaint on that ground.

It is suggested that the refused instruction properly presented the question of defendant's release as surety, on the facts of the case, and should have been given. It was not written to cover that defense, which is a sufficient reason why it does not embrace it, and should not have been

given on that ground; besides, it omits important elements of that defense. The court gave six instructions as to the first defense, five for plaintiff and one for defendant, none of which are complained of, which fairly submitted this ·defense to the jury. Where instructions are given which fairly present all the issues to the jury, and correctly declare the law, it is not error to refuse other instructions on the same subject. *Whetstone v. Shaw*, 70 Mo. 375 ; *Anthony v. Bartholow*, 69 Mo. 186; *State v. Gann*, 72 Mo. 374; *State v. Walton*, 74 Mo. 270; *Martin v. Smylee*, 55 Mo. 577.

Appellant asked another instruction, which the court refused, to the effect that " if the parties thereto " made a contract for the extension of the time of payment of the note, the effect was to extend the time of payment five years, that being the time agreed upon, and the note was, therefore, not due at the commencement of the suit, in consequence of which the finding must be for defendant, whether he was released as surety on the note or not, by the extension of time, or otherwise. The language of this instruction is significant : " If the parties thereto," that is, the parties to the agreement extending the time, made an agreement, then defendant cannot be sued on the note because it is not due. The answer alleges that defendant " never consented to be bound by the stipulation between Byrne and plaintiff deferring the time of payment ;" and the record recites that defendant "introduced evidence tending to sustain all the allegations of his answer." Defendant, then, was not a party to the agreement; no such issue as that presented by the 'instruction is made by the pleadings; the instruction is inconsistent with the defenses made, and submits a defense not made by the answer. It was properly refused. *Bruce v. Sims*, 34 Mo. 246 ; *Camp v. Heelan*, 43 Mo. 591 ; *Capital Bank v. Armstrong*, 62 Mo. 59 ; *Hassett v. Rust*, 64 Mo. 325 ; *Chapman v. Callahan*, 66 Mo. 299 ; *Fulkerson v. Thornton*, 68 Mo. 468.

The judgment should be affirmed. All concur.