CITIZENS' INSURANCE COMPANY OF MISSOURI, Appellant, .v. W. W. BROYLES et al., Respondents.

St. Louis Court of Appeals, January 24, 1899.

1.   **Promissory Note**: PRINCIPAL OR SURETY: PAROL EVIDENCE ADMISSIBLE.   In the case at bar it was competent for defendants to show that they signed the note as sureties.

2.   **Section 8918, Revised Statutes 1889, Construed**: JOINT CONTRACTORS.   In the case at bar, James M. Newland and his mother were co-makers of the note, joint contractors, they did not contract with each other but contracted together with Knox, who was the opposite or other party to the contract, within the meaning of section 8918, Revised Statutes 1889.   Held, that said statute has no application to said Newland, and, further, that as securities the defendants could not be called upon by plaintiff for contribution.

*Appeal from the Lincoln Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

GEO. R. LOCKWOOD and R. L. SUTTON for appellants.

The court erred in admitting parol evidence tending to show that defendants were sureties for James M. Newland and his mother.   Kenefick v. Type Foundry Co., 72 Mo. App. 381; Howser v. Newman, 65 Mo. App. 367; Bank v. Terry, 67 Mo. App. 12; Squire v. Evans, 127 Mo. 514 (518);

Boyd v. Paul, 125 Mo. 9 (13); Tracy v. Union Iron Works, 104 Mo. 193 (198); Daniel, Neg. Inst., sec. 80. And even if such evidence was admissible it was error, for the court, to permit such proof to be made, through James M. Newland, one of the parties to the note, Mrs. Newland, another party thereto being dead. Bieber's Adm'r v. Boeckman, 70 Mo. App. 503 (506); Nowack v. Berger, 133 Mo. 24 (37); Meier v. Thieman, 90 Mo. 433 (441); Chapman v. Dougherty, 87 Mo. 617. The note being the joint obligation of all those signing it, or defendants and Mrs. Newland being sureties or accommodation makers for James M. Newland, and James M. Newland being insolvent, plaintiff is entitled to recover from defendants by way of contribution two thirds of the amount paid in satisfaction of the note out of Mrs. Newland's estate. Cole Co. v. Angney, 12 Mo. 132; 24 Am. and Eng. Ency. of Law, p. 234; Reyburn v. Mitchell, 106 Mo. 380; Valle's Heirs v. Fleming's Heirs, 29 Mo. 152; Turner v. Johnson, 95 Mo. 431 (451); Throckmorton v. Pence, 121 Mo. 50 (57); Thomas v. Bridges, 73 Mo. 530; Sheldon on Sub., secs. 11 and 216; Acer v. Hotchkiss, 97 N. Y. 395 (402).

MARTIN & WOOLFOLK and NORTON, AVERY & YOUNG for respondent.

It was proper to admit parol evidence to show that James M. Newland and Catherine Newland were principals and respondents were sureties. Garrett v. Ferguson's Adm'r, 9 Mo. 125; Bank v. Wright, 53 Mo. 153; Coats v. Swindle, 55 Mo. 31. James M. Newland was a competent witness for the purpose of showing which were principals and which were sureties, he not being a party to the suit nor his testimony being in his own favor. Bank v. Hunt, 25 Mo. App. 171; Ford, Adm'r, v. O'Donnell, 40 Mo. App. 53; Looker v. Davis, 47 Mo. 141; R. S. 1889, sec. 8918.

BLAND, P. J.—On August 25, 1893, James M. New-land, Catherine Newland, and the defendants, William W. Broyles and A. M. Broyles, signed and delivered to Joseph A. Knox their joint and several promissory notes, whereby they promised to pay said Knox $500 one day after the date thereof, with eight per cent interest thereon. James M. Newland was the son of Catherine Newland. Mrs. New-land was seized in fee simple of four hundred and six acres of land in Lincoln county; in the fall of 1893 she died tes-tate; by her last will she devised her real estate to her four children, James M. Newland, James A. Carter, N. C. New-land and Mary L. Hall, in equal shares, and appointed James M. Newland and John R. Hall, executors of her will, who duly qualified and administered her estate. By deed dated February 5, 1894, James M. Newland purchased the inter-est of the other devisees in the real estate and personal prop-erty of his mother's estate, except such personal property as had been already distributed among the heirs. On May 12, 1894, James M. Newland and wife mortgaged the land by deed of trust to the plaintiff to secure a note of $3,000, made by Newland to plaintiff for borrowed money. On the seven-teenth of April, 1895, the note of $500 was allowed against the estate of Catherine Newland and put in the fifth class of demands. On October 21, 1896, the note was assigned to William R. Young, without recourse. On July 20, 1896, the probate court ordered the lands devised by Mrs. Newland (four hundred and six acres) sold for the payment of the debts of the estate, including the $500 note and accrued in-terest. On October 21, 1896, one hundred acres of the land was sold and bid in by the plaintiff for $1,325.83. This sale was approved by the probate court; the $500 was paid in full and final settlement of the estate was made January 26, 1897. The final settlement showed the receipt of the proceeds of the sale of the lands and the payment of $651.13

on the Knox note. James M. Newland having made default in the payment of interest due on his debt to plaintiff secured by trust deed, a sale was made under that deed on February 23, 1897, and plaintiff was compelled to bid in all the lands to protect itself, its bid being $2,000 for the entire tract. On the twenty-fifth of January, 1896, the personal estate of Mrs. Newland, consisting of the notes of her four children and aggregating $1,558.62, principal and interest, was on the petition of the executors distributed to the several heirs by order of the probate court, on the claim and proof that the sums for which each note was given was an advancement made by Mrs. Newland to her several children, and that the notes were merely given as evidence of the amount advanced to each child. The plaintiff was unaware of this proceeding, and would have been in no position to have resisted if it had notice. James M. Newland has never paid interest on any part of the principal debt due plaintiffs, and is wholly insolvent. The suit, based under the foregoing facts, is in equity and prays that each of the defendants be compelled to contribute one third of the amount which plaintiff was compelled to pay on the Knox note, in order to protect its mortgage lien on the lands. The court, after hearing the evidence, gave judgment for defendants, from which, after an unavailing motion for rehearing, plaintiffs appealed.

Over the objections of the plaintiff, James M. Newland was permitted to testify as a witness for the defendants; his testimony tended to prove that he and his mother signed the note of $500 as principals, and the defendants as securities, for his accommodation; that the money raised by the note was all received by him, and used by him for himself and his mother. Appellants contend that as defendants and the Newlands signed the note on its face without designating any of them as sureties, they are *prima facie* joint makers, and that parol evidence is inadmissible to show that they signed the note in any other capacity than as makers. In

Garrett v. Ferguson, 9 Mo. loc. cit. 128, Judge Napton, after a review of many cases on the admissibility of such evidence, says: "Whatever doubts may have been entertained on this subject, it is not difficult to establish, from the legislation of this State in relation to securities, from the well known usages of the country, and from the previous decisions of this court, that the law here is considered well settled in favor of the admissibility of such evidence," citing Foster & Foster v. Wallace, 2 Mo. 231. In Bank v. Wright, 53 Mo. loc. cit. 154, the court, speaking through Judge WAGNER, says: "The law has long since been established in this State that parol evidence is admissible to prove who is principal and who is surety to a note or bond on an action at law." Again in Coats v. Swindle, 55 Mo. loc. cit. 33, it is said: "It has frequently been decided and the rule is settled that it is perfectly competent for a surety to show in what capacity or character he signed a note." We have not been referred to any Missouri case, nor have we PAROL evidence admissible. been able to find one overruling, or qualifying the rule established by the above cases, and we hold that it was competent for defendants to show that they signed the note as sureties.

Appellants further contend that Newland was not a competent witness, his, mother, one of the makers of the note, being dead. We can not see wherein section 8918, Revised Statutes 1889, can be applied under the facts in this case and in this suit. James M. Newland and his mother were co-makers of the note, joint contractors, they did not contract with each other, but contracted together with Knox, who was the opposite or other party to the contract within the meaning of section 8918, *supra;* the interests of Newland in the contract was not opposed to, but identical with that of his mother, had she been alive. That the statute has no application to Newland in the circumstances of this case is supported by Fulkerson v. Thornton, 68 Mo. 468; Nugent v. Curran,

77 Mo. 323, and Wallace v. Jecko, 25 Mo. App. 313. The evidence supports the contention of defendants, that they signed the note as securities. As securities they could not be called on by plaintiff for contribution, and the judgment is affirmed. All concur.

## OPINION ON MOTION FOR REHEARING.

BLAND, P. J.—The brief filed in support of motion for rehearing expresses surprise on account of the following view announced by the court in its opinion affirming the judgment, to wit: "James M. Newland and his mother were co-makers of the note, joint contractors; they did not contract with each other, but contracted with Knox, who was the opposite or other party to the contract, within the meaning of section 8918, Revised Statutes 1889." According to the face of the note and of the evidence of James M. Newland, this view is entirely correct. The makers of a note constitute one of the contracting parties thereto, and the payee the other or opposite party, and ordinarily the interests and obligations of the makers are joint and harmonious, not adverse and hostile. Counsel very laboriously endeavor to impress upon us a view of the case which is not supported by the evidence, that is that Mr. Newland contracted with his mother when they executed the note to Knox. This is not borne out by the face of the note nor by the testimony. They agreed with each other to make a note and borrow money on it to be used in their joint support. To effectuate this object J. M. Newland procured the signatures of the Broyles to the note as sureties for himself and mother to enable them to raise money on it, and to this extent Mrs. Newland and J. M. Newland contracted with the two Broyles. And if this is the contract that was in issue and on trial, then the fact that Mrs. Newland, the cocontractor with J. M. Newland, is dead, did not disqualify J. M. Newland as a witness, in view

of the fact that it was he and not Mrs. Newland who procured the two Broyles to sign the note. Williams v. Perkins, 83 Mo. loc. cit. 385; Amonett v. Montague, 75 Mo. 43; Nugent v. Curran, 77 Mo. 323; Fulkerson v. Thornton, 68 Mo. 468; Willy v. Morse, 30 Mo. App. loc. cit. 269; Wallace v. Jecko, 25 Mo. App. loc. cit. 315. The contract or agreement with the Broyles that they should sign the note as sureties having been made with James M. Newland, and all three being alive, they were all competent to testify what the contract or agreement made between them was. (See authorities, *supra*.) The motion for rehearing will be overruled. All concur.