The alleged causes for exception appear from the opinion of the Court, which was drawn up by
Kent, J.
The objection to the acceptance of the report, on the ground that the referee was not sworn, cannot prevail. There is no principle of the common law and no provision of the statute which requires this. The statute which authorizes parties to refer their disputes, by an agreement, *408 signed and acknowledged before a justice of the peace, does not require that the referees should be under oath. An obvious reason for this is — that the parties, by mutual consent, agree upon the persons who are to determine their case, and by this act of selection they express their confidence in them, and a willingness, to abide their decision without an oath. Where the Court, jury or commissioners, or any other body or persons are authorized by a general law to act judicially, and their appointment or selection is without the act or assent of the parties, whose rights they are to determine, the law usually requires an oath.
But the counsel for the defendant insists, that, as the referee, by the special agreement, was clothed "with all the power's conferred on commissioners,” — and, as by law, the commissioners must act under oath, — the referee must be sworn before acting. The answer to this is, — that he was not a commissioner, but a referee, clothed with certain powers; and in defining them a reference was made to the powers of the commissioners. He also, by the same agreement, was to have and exercise all the powers conferred on the Court and jury by the statute. The Court and jury are both under oath, and it might as well be contended that therefore the referee must be sworn. Indeed the argument, if sound, would apply to all cases of reference under a rule of Court. The referee, in such cases, has all the powers of a Court and juiy in determining the matter referred to him. But' he is not the Court or the jury. He is a referee with the powers conferred upon him by agreement of the parties, and by the rule of Court, and we have seen that, neither by usage, nor by any principle of the law, is it required that he should be under oath.
The award is correct in assessing the damages for the three years before the complaint was filed, in one aggregate sum. Bryant v. Glidden, 36 Maine, 45. It is also correct in assessing the yearly damages after the filing of the complaint. Ibid.
*409 It is the rule to issue execution for the damages to the time of finding the verdict. Commonwealth v. Ellis, 11 Mass., 462. The award is in the place of the verdict.
Exceptions overruled. — Judgment on the award.
Bice, Appleton, Cutting, Davis and Walton, JJ., concurred.