## DAGGY v. CRONNELLY et al.

STATUTES CONSTRUED—ARBITRATION.—The statute relative to arbitrations and umpirages does not contemplate, nor provide for, the arbitration of a cause pending in Court.

REFERENCE—REFEREE.—The statute on the subject of trials by referees does not require the referee to be sworn unless the parties require it.

The parties making a reference may agree that the referee may avail himself of the advice of another person in the determination of the matters referred to him, but, in such case, it will not be necessary for such person to sign the report.

The admissions of the referee are inadmissible to impeach his report.

APPEAL from the *Putnam* Circuit Court.

WORDEN, J.—Suit by *Daggy* against the appellees for goods, wares, merchandize, &c., on a special contract, and on account stated, claiming damages in the sum of 25,000 dollars.

Answers were filed setting up, amongst other things, a set-off.

The parties entered into the following agreement, viz:

*Addison Daggy* v. *Joseph F. Cronnelly* and *Patrick H. Flah*

Daggy v. Cronnelly et al.

*erty:* It is agreed by and between the parties in the above entitled cause, now pending in the *Putnam* Circuit Court, that all the matters in controversy between said parties shall be referred, for full and final settlement, to *Jacob D. Earley*, of *Terre Haute*, provided he shall be willing to do so, if not, then to some other person to be agreed upon by said parties; said referee to be assisted and advised in said adjustment by Judge *Claypool*, of *Terre Haute*, or Judge *Cowgill*, of *Greencastle*, which ever may be most convenient; and the same to be so submitted as aforesaid within a reasonable time, at the convenience of said *Early*, and his award shall be full and final between said parties, and each of said parties is authorized and permitted to introduce testimony before said referee, by deposition or by witness in person, and his award shall be filed in this Court, and judgment entered thereon."

*Mr. Jacob D. Early*, having consented to act as such referee, and Judge *Cowgill* being present to assist and advise him as provided for, the matters were submitted to the referee, who having heard the evidence and the argument of counsel, being aided, &c., by Judge *Cowgill*, made his report to the Court, to the effect that the defendants were not indebted to the plaintiff, but that on the contrary the plaintiff was indebted to the defendants in the sum of 1,500 dollars, which sum he awarded and adjudged should be paid by the plaintiff to the defendants.

This report being filed, many objections were made to it, which need not be here noticed in detail. The most of the objections were based upon the theory that the proceeding was an arbitration, and not a reference. We are of opinion that the proceeding should be regarded as a reference, under the provisions of the statute providing for "Trial by Referees," 2 R. S. 1852, p. 116. The statute relative to arbitrations and umpirages (2 R. S. 1852, p. 227) does not contemplate nor provide for the arbitration of a cause pending in

Court, *Francis* v. *Ames,* 14 Ind. 251. But the statute does provide that if the subject matter of any suit pending in any Court might originally have been submitted to arbitration, the parties to such suit, their agent or attorney at law, may consent, by rule of Court, to refer the matter to referees, whose report shall be deemed and taken to be as available in law as the verdict of a jury, 2 R. S. 1852, p. 232, §§ 22, 23, 24. The agreement of reference in this case provides that the matters shall be referred, &c., and the person to whom it is referred is called "said referee." To be sure, the agreement speaks of the report of the referee, as his award, but we are of opinion that, taking the language of the agreement of reference altogether, and considering the provisions of the statute, the proceeding was a reference under the statute, and not an arbitration. The report of the referee, having the effect of the verdict of a jury, (see *The Board of Trustees, &c.,* v. *Huston,* 12 Ind. 276), it is obvious that few, if any, of the objections which might be made to the award of an arbitrator can prevail against it. We will notice such objections as seem to require it. The referee was not sworn. The statute does not require him to be sworn unless the parties require it, which it does not appear was done. Section 23, above cited. The report was not signed by Judge *Cowgill.* This was not necessary. He was not a referee, but was merely chosen by the parties to advise and assist the referee. The plaintiff offered to prove the admission of *Mr. Early* for the purpose of impeaching his report. This was clearly incompetent. The report stands upon the footing of a verdict, and the admission of the referee can no more be given in evidence to impeach it, than can the admissions of a juror to impeach his verdict. We pass over other objections, based upon the supposition that the report should be regarded as an award.

The evidence on which the referee made his report is not before us, nor was any exception taken before him. The

Court below rightly rendered judgment on the report in favor of the defendants, for the amount found by the referee.

*Per Curiam.*—The judgment below is affirmed with costs and 2 per cent. damages.[1]

*Addison Daggy* and *D. E. Williamson*, for the appellant.
*McDonald & Roache*, for the appellees.

(1) Petition for rehearing overruled, *August* 26, 1863.