Fulkerson v. Thornton.

FULKERSON v. THORNTON, *Administrator, et al., Appellants.*

1. **Witness**: DEATH OF ONE OF TWO ADVERSE PARTIES. Where the contract sued on was made on the one side by two persons, one of whom has since died, that fact does not disqualify the adverse party from testifying in the case.

2. **Practice.** An objection to evidence comes too late when made for the first time in the Supreme Court.

3. **Instructions** upon a theory of the case not presented by the pleadings, are properly refused.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

*Wilson & Gantt* for appellants.

*M. A. Fyke* for respondent.

SHERWOOD, C. J.—Action for damages for breach of alleged contract for building a church; the plaintiff claiming that the defendants had employed him to build the church, and after its commencement and partial completion, had prevented him from going on with the work. Answer, a special denial; trial, and verdict for plaintiff.

I. Objection was made to plaintiff testifying on the ground that as Wm. T. Thornton, Sr., one of the alleged

1. WITNESS: death of one of two adverse parties. contracting parties, was dead, plaintiff was an incompetent witness. This objection was, we think, properly overruled. Thornton, the deceased,

was not the sole contracting party; that party was composed of Thornton and Hitch, the latter being alive at the time of trial. The legal party to the contract did not consist of a single individual, but of two persons—Thornton and Hitch. If the contract had been made with Thornton alone, and he was dead at the time of trial, a widely different question would be presented. The point is a new one in this State, and, consequently, any authorities cited from our own reports, or from those of other States, relative to a class of cases where the sole contracting party is dead, have not the slightest applicability. In Massachusetts, where the statute in regard to witnesses is substantially like our own, the ruling as to the competency of a witness under similar circumstances to those above detailed, has been in accordance with the views here enunciated. *Goss v. Austin*, 11 Allen 525; *Hayward v. French*, 12 Gray 453. The reason of the statutory prohibition, is the prevention of one person testifying where death has, sealed the lips of his adversary; a reason which cannot possibly apply where there are other persons, still alive, who were co-contractors with the decedent, cognizant of all the facts as well as he was, able, therefore, to testify in opposition to the testimony of the witness objected to as being incompetent because of the death of one of the co-contractors. As the reason for the rule does not exist, no more does the rule.

II. In reference to the second alleged error, that of admitting in evidence the unsigned memorandum of the 2. PRACTICE. the contract which Prottsman drew up and which Thornton and Hitch were to sign, it suffices to say that no objection was made to the introduction of that memorandum, and it is too late to object to its introduction now.

III. Relative to the third point of defendants: Their answer merely denied that they made the contract, and 3 INSTRUCTIONS contained no allegation whatever, that they merely contracted as agents of, or as a committee for, the

Methodist Episcopal Church South; consequently, any instructions based upon the theory that they were not individually liable, were altogether foreign to the issues raised by the pleadings. *Bank v. Murdock*, 62 Mo. 70, and cases cited. Besides, the jury were expressly told that they were not to find for plaintiff, unless they agreed to be individually responsible; and there was evidence tending in that direction.

The case having been tried in accordance with the views here announced, we affirm the judgment.

ÁFFIRMED.