BUTTS, *Administrator*, v. PHELPS, *Appellant*.

1. **Justice's Courts:** STATEMENTS. A statement filed in a justice's court, to be sufficient, must advise the defendant of the nature of the claim and be sufficiently specific to be a bar to another action. It must state facts and not merely conclusions of law. Hence, a statement in these words: "Plaintiff states that defendant is indebted to him in the sum of $50 lawful currency, for which he asks judgment," is insufficient.

2. **Witnesses.** Where a part of a transaction with a firm was had with one of the partners who was dead at the time of the trial; *Held*, that the opposite party was not a competent witness as to what passed between him and the deceased.

3. **Agent must follow Instructions.** Where an agent disregards specific instructions, he does so at his peril, and if he adopts his own course with reference to his principal's business and loss ensues thereby, he will be liable though he may have used reasonable diligence.

*Appeal from Webster Circuit Court.*—Trial before F. M. MANSFIELD, ESQ., sitting as Special Judge.

REVERSED.

*Charles W. Thrasher* for appellant.

*Smith & Krauthoff* and *Rush & Foster* for respondent

NORTON, J.—This cause was tried in the Webster county circuit court on appeal from the judgment of a justice of
1. JUSTICE'S COURTS: the peace, and plaintiff obtained judgment
statements.          from which defendant has appealed to this court, and assigns among other errors the action of the court in overruling his motion in arrest based on the ground

that the statement did not set forth a cause of action. The statement is as follows: "Plaintiff states that defendant is indebted to him in the sum of $50 lawful currency, for which he asks judgment." Measuring the sufficiency of this statement by the statements adjudged to be insufficient in the cases of *Brashears v. Strock*, 46 Mo. 221, and *Swartz v. Nicholson*, 65 Mo. 508, it must be held to be bad. Measuring it by the rule laid down in the cases of *Iba v. Hann. & St. Jo. R. R. Co.*, 45 Mo. 471, and *Razor v. St. Louis, & I. M. R. R. Co.*, 73 Mo. 471, that statements before justices of the peace, to be sufficient, must advise the opposite party of the nature of the claim and be sufficiently specific to be a bar to another action, it must likewise be held to be bad. The statement in question does not contain an averment of a single fact, but only states a conclusion of law. The judgment will be reversed, and as, under section 3060, Revised Statutes, which is a new section and enlarges the power of the circuit court with reference to allowing amendments of such statements to be made, this statement may be amended, the cause will be remanded.

As the same will be remanded, we deem it proper to note the objections made to the action of the court in receiving and rejecting testimony. It appears from the record that the partnership firm of McAlpine & Butts owned a claim against one Stroud and one Sharp, residing in Arkansas, and that McAlpine, one of the firm, in the latter part of 1875, or first part of 1876, gave the claim to defendant, who is a lawyer, for collection. Mr. Butts, who was the surviving member and plaintiff in the suit, (McAlpine having died before suit,) testified on the trial as to the directions he gave defendant concerning the collection of the said claim soon after he received it of McAlpine. Defendant was also introduced as a witness and during his examination was asked to state "what instructions McAlpine gave him at the time he gave him the draft or claim, as to whom he should send it to in Arkansas?" This was objected to on the ground that McAlpine was dead.

2. WITNESSES.

The objection was sustained, to which exception was taken. Under the ruling of this court in the case of *Stanton v. Ryan*, 41 Mo. 510, the objection was properly sustained. We have been cited to the case of *Fulkerson v. Thornton*, 68 Mo. 468, as an authority sustaining the right of defendant to testify. It is only decided in that case that when the contract sued on was made by two persons on one side, one of whom was dead, that fact did not disqualify the adverse party from testifying in the case. It is there said that "the reason of the statutory provision is the prevention of one person testifying when death has sealed the lips of his adversary; a reason which cannot possibly apply, when there are other persons still alive who were co-contractors with decedent, cognizant of all the facts as well as he was, able, therefore, to testify in opposition to the testimony of the witness objected to as being incompetent, because of the death of one of the co-contractors." In the two Massachusetts cases cited in the above opinion, one from 12 Gray 453, and one from 11 Allen 525, that court, in construing a statute of that state like ours, held that the phrase "one of the original parties" must be held to mean the legal party to the contract, and that the exception must be confined to the case of a sole party on one side or in case of joint contractors or co-partners, to the death of all of them. This court has never gone as far as this, and we are not inclined to do so, believing that the rule laid down in 41 Mo. 510 and in 68 Mo. 468, *supra*, is more in harmony with the reason and spirit of the law, than the one adopted in Massachusetts.

During the trial defendant offered certain letters received by him from persons in Arkansas to whom defendant had entrusted said claim for collection in reply to letters written by him. These letters were objected to, and the objection sustained, and we think properly, for the reason that the evidence showed that defendant, when he received the claim, was directed to forward it to the firm of Prindall Brothers for collection;

3. AGENT MUST FOLLOW INSTRUCTIONS.

that he disregarded this direction and sent it to another and different person of his own selection, and the letters offered in evidence were from such person. Defendant in disregarding the special instructions of plaintiff as to the agency he was to employ in Arkansas in collecting the claim, did so at his own peril, and if he employed other agencies, he cannot, if loss thereby ensued, be permitted to show that he used reasonable diligence in collecting the claim through agencies of his own selection, when under the special directions given him, he had no right of choice. Greenleaf Ev., § 201, note 2; Story on Agen., (9 Ed.) § 24, note 2; *North Mo. R. R. Co. v. Stephens*, 36 Mo. 150.

Judgment reversed and cause remanded. All concur.