Williams v. Perkins.

---

WILLIAMS, *Administrator, et al.*, v. PERKINS *et al., Appellants.*

| 83 | 379 |
|----|----|
| 41a | 381 |
| 83 | 379 |
| 54a | 281 |
| 83 | 379 |
| 65a | 541 |
| 83 | 379 |
| 78a | 370 |
| 83 | 379 |
| 89a | 330 |

1. **Arbitration at Common Law :** ARBITRATORS : WITNESSES. The arbitrators in a common law arbitration and award are not required to be sworn nor are the witnesses unless it is so ordered by the terms of the submission.

2. **Statutory Arbitration :** WHEN NOT EXCLUSIVE OF COMMON LAW METHOD. Statutory arbitrations are not exclusive of the common law method unless expressly or impliedly so declared by the enactments authorizing them.

3. **Award, Validity of.** The submission in this case held to be one at common law and the award was, therefore, not invalid because the arbitrators were not sworn.

4. **Witness, Competency of :** DEATH OF ONE OF TWO ADVERSE PARTIES. While the fact that one of the adverse parties to the contract or cause of action sued on is dead does not, of itself, disqualify the opposing party as a witness, provided a surviving adverse party remains, yet if it appears that the contract or transaction upon which the suit is founded was, on the part of the survivors, effected solely by or through the deceased party the opposing party is disqualified as a witness.

*Appeal from Randolph Circuit Court.*—Hon. G. H. Burckhartt, Judge.

Affirmed.

*B. T. Hardin* for appellants.

(1) The award rendered by the arbitrators was invalid because the arbitrators were never sworn. The arbitrators, having failed to require the witness to testify under oath, and the necessity of an oath not having been waived by the defendant, the award is a nullity, and no action can be maintained upon it. *Wolfe v. Hyatt*, 76 Mo. 156; *Bridgman v. Bridgman*, 23 Mo. 272. The arbitrators should have been sworn, and if they proceed to act without being sworn, unless the parties waive such necessity, their award will be invalid. And their oath should be subscribed by them and filed and returned with their award. Rev. Stat., 1879, § 329, and cases there cited. (2) The defendant, C. J. Perkins, should have been permitted to testify. Although W. H. Williams was dead, there remained J. B. Davis, Sr., and J. B. Davis, Jr., parties on his side of the contract, who were competent witnesses. The case of *Fulkerson v. Thornton*, 68 Mo., 468, is directly in point. The plaintiff, Williams, was not the sole contracting party with Perkins. The contract was made by W. H. Williams, J. B. Davis, Sr., and J. B. Davis, Jr., as one party, and C. J. Perkins and his bondsmen as the other. The Davises were still alive to testify, and Perkins should not have been excluded by the court. "Where one of two parties jointly bound by a contract is dead the adverse party is not thereby disqualified as a witness in an action upon the contract between himself and the survivor." The statute does not apply in such cases and the court committed error in refusing to admit C. J. Perkins as a witness.

*H. S. Priest* for respondents.

The submission was oral, and therefore not within the statutes, and the arbitrators were not required to be sworn. *Bridgeman v. Bridgeman*, 23 Mo. 272; *Hamlin v. Duke*, 28 Mo. 166. Even if the submission was within the statutes the oath of the arbitrators was waived. *Tucker v. Allen*, 47 Mo. 488. Even if the submission was within the statutes the finding of the arbitrators was good as an account stated. The parties had agreed to all the work of the arbitrators except casting up the figures. 1 Chitty Pld'ng (16 Am. Ed.) 122; 2 Chitty Pld'ng (16 Am. Ed.) 63; *Phillips v. Couch*, 66 Mo. 219. The appellants, in order to avail themselves of the exclusion of Perkins as a witness as a ground of reversal, should have stated what they proposed to prove by him. Without such information this court cannot say that his evidence was material or that appellants suffered any harm by its exclusion. *Jackson v. Hardin*, ante, p. 175. The exclusion of Perkins was right. The party with whom the transaction was had on his part was dead and the reason of the rule applied. The answer constitutes no defence to the action and it is fair to presume that Perkins could not swear to more than his answer contained. Therefore, his exclusion was not prejudicial. *Squires v. Anderson*, 54 Mo. 193; *Mitchell v. Curren*, 1 Mo. App. 453; *Neely v. Buford*, 65 Mo. 448. By agreement of the parties in the submission the decision of Martin and Rothwell was to be final. The condition of the bond sued on also is: "That if C. J. Perkins shall and will submit to and carry out the finding as rendered by said G. F. Rothwell and W. A. Martin." Under such a submission and such a condition in the bond appellants' redress if they suffered any wrong at the hands of Rothwell and Martin is a suit against them. *Leech v. Caldwell*, 5 Am. Law Reg. (N. S.) 280. The judgment upon the pleadings and under the evidence is for the right party.

MARTIN, C.—This action is founded on a bond exe-

cuted by the defendants to insure the keeping and performance of an award of arbitrators. The bond sued on reads as follows:

"Know all men by these presents: That we, C. J. Perkins, as principal, and W. H. Perkins, as securities, do hereby acknowledge ourselves indebted to W. H. Williams, J. B. Davis, Sr., and J. B. Davis, Jr., in the sum of five thousand dollars, to be levied of our goods, chattels, lands and tenements, for the payment of which we hereby bind ourselves, our administrators, executors and assigns, signed with our hands, sealed with our seals, this 3d day of April, 1874.

"The conditions of this obligation are such that, whereas W. H. Williams, C. J. Perkins, J. B. Davis, Sr., and J. B. Davis, Jr., have heretofore been in partnership trading in mules and horses to the south, in which the said W. H. Williams, J. B. Davis, Sr., J. B. Davis, Jr., were half owners; and, whereas, C. J. Perkins, J. B. Davis, Sr., and W. H. Williams were partners buying and selling mules and horses to the south, in which Perkins owned one-half, and Davis and Williams the other half; and, whereas, they have this day submitted both their partnership affairs to G. F. Rothwell and W. A. Martin for settlement; now, therefore, if the said C. J. Perkins shall and will submit to and carry out the finding as rendered by said G. F. Rothwell and W. A. Martin in both said partnerships, and refund and pay over to said W. H. Williams, J. B. Davis, Sr., and J. B. Davis, Jr., in the first partnership, and to Williams and Davis in the last named partnership, all sums of money received or found to have been received by said C. J. Perkins, and not due to him in either case paid out by him on the legitimate debts of the partnership, or either of them, and also pay all his part of the debts yet due and owing by said copartnership, or either of them, which he ought to pay, as shown by the finding of said Rothwell and Martin, then this obligation to be void, otherwise to remain in full force and virtue in law.

"Witness our hands and seals the day and date above written.

C. J. PERKINS,

W. H. PERKINS,

[SEAL]                    BEN HARDIN,

his

D. H. ⋈ OSBOURN,

mark.

Attest:     W. N. RUTHERFORD."

It is alleged in the petition that the arbitrators, by their written award, found that C. J. Perkins was indebted on account of the first partnership mentioned in the bond, in the sum of $16.88, and on account of the second, in the sum of $1140.82½. It is further alleged that J. B. Davis, Jr., had assigned his interest in the first mentioned partnership to the other plaintiffs. Judgment is asked for these respective sums in separate counts—two applying to each item, one of which is founded on the award as such, and the other on an account stated. The trial resulted in a verdict and judgment for plaintiffs for the sums sued for on the respective counts, which, in the aggregate with interest, amounted to $1,654.75, from which the defendants appeal.

Only two questions have been presented to us for determination in the briefs and arguments of counsel: 1st, is the award void because the arbitrators were not sworn as required by statute? 2nd, did the court commit reversible error in excluding the defendant, C. J. Perkins, from the witness stand?

According to the common law which approved, without perhaps encouraging a settlement of civil controversies by arbitration, the arbitrators selected by the parties were not required to be sworn. Mahan v. Berry, 5 Mo. 21; Bradstreet v. Erskine, 50 Maine 407; Daggy v. Cronnelly, 20 Ind. 474. Neither were witnesses required to be sworn who testified before them unless it was so ordered by the terms of the submission. A settlement by arbitration was regarded as an informal composition of

differences between citizens, outside of all forms and solemnities incident to judicial proceedings. It is apparent that a tribunal of such a character is subject to serious abuse. Accordingly, we find in many of the states as well as our own, statutes which aim to provide an improved method of arbitration containing safeguards against abuse, and making awards more effective. Such statutory arbitrations are not exclusive of the common law method, unless expressly or impliedly so declared by the enactments authorizing them. The statutory. and common law methods of arbitration are distinct and concurrent remedies aiming at the same result. In the construction placed upon our statute by the courts, it has been declared that a submission in writing is an indispensable requisite to a statutory arbitration and award. *Bridgman v. Bridgman*, 23 Mo. 272; *Hamlin v. Duke*, 28 Mo. 166. At common law neither the submission nor award were required to be in writing, unless they related to matters required by law to be evidenced in writing. *Walters v. Morgan*, 2 Cox 369; *McMullen v. Mayo*, 8 Smed. & M. 298.

In order to impeach the award in this case for failure of the arbitrators to qualify by taking an oath, it is incumbent on the defendant to bring the award within the purview of the statute governing statutory arbitrations, by showing that it is an award in pursuance of a submission by the parties in writing. He endeavors to do this by calling attention to the bond sued on. In respect to this paper it will be observed that it is signed by only one of the parties. The signatures of the plaintiffs are wanting. Now, while at common law, such a paper might be binding upon the party signing it, and possibly upon the parties mentioned in it who have accepted it or acted under it, I feel satisfied that it is not such a paper as can fulfill the requirement of our statute in its definition of a submission by the parties in writing, under section 327, Revised Statutes, 1879. It would seem from the language of the section that the submission contemplated

therein is a submission signed by both parties or by their authorized agents. It is claimed, however, in the argument before us that the plaintiff signed a paper similar to this one in all respects, except that it contained the obligatory undertaking of the plaintiffs instead of the defendant to abide the award. An allusion to some such paper is to be found in the answer. But as all new matter therein is denied by the reply, the fact is not admitted of record. No such paper was given in evidence or included in the bill of exceptions; and, therefore, none is properly before us for examination or construction.

I will take the responsibility of adding here that, had such a paper been submitted in evidence, the two instruments together would not, in my opinion, have constituted a written submission controlling the subsequent arbitration and award for the reasons following: 1st. The recital in each instrument of this language, viz: "And, whereas, they have this day submitted both their partnership affairs to G. F. Rothwell and W. A. Martin for settlement," evidently refers to a submission previous to the execution of the instrument and outside of it. 2nd. The two papers on their face purport to be the separate bonds of the respective parties to abide the results of an arbitration, and their import to that effect is not changed by recitals relating to the partnerships and the submission by the parties which are in the nature of proper inducements to the bonds.

The exclusion of defendant, Perkins, from the witness stand cannot be supported by the decisions of this court. The fact that one of the adverse parties to the contract or cause of action sued on is dead, does not, of itself, disqualify the opposing party as a witness, provided a surviving adverse party remains, as in this case. *Fulkerson v. Thornton,* 68 Mo. 468; *Amonett v. Montague,* 75 Mo. 43; *Nugent v. Curran,* 77 Mo. 323. From a *prima facie* standpoint, Perkins was a competent witness. If, however, it should appear that the contract or transaction upon which the suit is founded, was, on the

part of the survivors, effected solely by or through the deceased party, the opposing party is disqualified as a witness. This I understand to be a limitation of the doctrine announced in *Fulkerson v. Thornton* as recently approved by this court. *Butts v. Phelps*, 79 Mo. 302; *Stanton v. Ryan*, 41 Mo. 510. But we are of the opinion that the defendants could not have been prejudiced by this action of the court. The exception to it, taken at the time, does not indicate what was sought to be proved by him. *Jackson v. Hardin, ante,* p. 175. Assuming, in the absence of such indication, that if permitted to testify he would have supported the material averments of his answer, our view of the action of the court remains unchanged. The substantial facts therein pleaded tend only to an impeachment of the award as a statutory one by showing that the necessary steps incident to the conduct of a statutory arbitration are wanting. He could not have been called to prove a written submission outside of the bonds of the parties, because it is alleged in the answer that no such submission was made.

If the answer had been framed with the view of setting aside and vacating the award for fraud, serious mistake of fact, gross misconduct or corruption of the arbitrators, some of the allegations scattered through the answer might be regarded as pertinent to such an issue. But considering that the award is valid as a common law award, and that the answer is wanting in the substantive averments essential in a proceeding to vacate and overthrow it, they must be treated as immaterial. In pursuance of these views the judgment is affirmed. All concur.