NATHAN D. WALLACE ET AL., Respondents, v. FRANCIS J. JECKO, Appellant.

**St. Louis Court of Appeals, April 5, 1887.**

WITNESSES—COMPETENCY—DEATH OF ONE PARTY TO CONTRACT.—The death of one of several parties to one side of a contract does not disqualify the opposite party thereto as a witness, where all the parties who actually made the contract are living.

Appeal from the Mississippi County Circuit Court, J. D. Foster, Judge.

*Reversed and remanded.*

J. B. Dennis, for the appellant: The defendant testified that the contract for shipment of meal to the plaintiffs was made with their "traveling agent." That agent was a competent witness, and the exclusion of the defendant's testimony, even if made with the plaintiffs themselves, could not be sustained either by reason or authority. *Williams v. Perkins,* 83 Mo. 379 ; *Nugent v. Curran,* 77 Mo. 323 ; *Amonett v. Montague,* 75 Mo. 43 ; *Fulkerson v. Thornton,* 68 Mo. 468 ; *Klostermann v. Loos,* 58 Mo. 290.

Cantwell, with Waide & Boone, for the respondents : Elisha H. Fairchild, one of the original parties to the contract, being dead, and his administrator being a party to the suit, the defendant, F. J. Jecko, was incompetent to testify. Rev. Stat., sect. 4010 ; *Kellogg v. Malin,* 62 Mo. 429 ; *Angell v. Hester,* 64 Mo. 142 ; *Weiland v. Weyland,* 64 Mo. 168 ; *Sitton v. Shipp,* 65 Mo. 297 ; *Hisaw v. Sigler,* 68 Mo. 449 ; *Ring v. Jamison,* 66 Mo. 424 ; *Butts v. Phelps,* 79 Mo. 304 ; *Lewis v. Weisenham,* 1 Mo. App. 222 ; *Corby v. Wright,* 9 Mo. App. 6 ; *Allen v. Carter,* 8 Mo. App. 585 ; *Hurlbut v. Meeker, Ex'r,* 104 Ill. 541 ; *Pope v. Allen,* 90 N. Y. 298.

Thompson, J., delivered the opinion of the court.

This action was brought to recover certain advances made by a firm of commission merchants to the defendant, by honoring his drafts drawn against consignments, in excess of the amount realized by the sale of the goods consigned, after deducting commissions and charges. The commission merchants were a partnership, composed of three persons, doing business in the city of New Orleans, and the defendant was, and is, a resident

of this state. Since the transaction in controversy, one member of the firm which composed the commission house has died, and his administrator is joined with his surviving partner as plaintiffs in this action.

The answer contains no general denial; but, after admitting the drawing and payment of the drafts, as alleged in the petition, it sets up, by way of counter-claim, certain breaches of contract by the plaintiffs, in not selling the goods consigned to them for the best market price, and in not accounting to the defendant for all the goods which were so consigned. The defend-ant claims damages in a larger amount than the sum claimed by the plaintiffs in their petition, and prays that such damages may be recouped against the plain-tiffs' claim, and that the defendant may have judgment for the excess.

The trial took place before a jury. The plaintiffs, to sustain the issues on their part, put in evidence, among other testimony, a deposition of one of the sur-viving plaintiffs, which deposition was very material, as it covered the whole subject of the plaintiffs' claim and of the defendant's counter-claim. The defendant took the stand as a witness in his own behalf, and testified that the contract, under which the shipments were made, was entered into between himself and the traveling agent of the plaintiffs. Upon objection by the plaintiffs, the court refused to allow him to testify as to the terms of the contract, or as to the shipments made by him thereunder, on the ground that *one* of the three part-ners, who composed the opposite party to the contract and to the suit, was dead. This error was so palpable that we are surprised that such a question is here by appeal. The supreme court has three times decided that the fact that one of the adverse parties to the contract or cause of action is dead does not of itself disqualify the oppos-ing party as a witness. *Fulkerson v. Thornton*, 68 Mo. 468; *Nugent v. Curran*, 77 Mo. 323; *Williams v. Per-kins*, 83 Mo. 379; see, also, *Amonett v. Montague*, 75

Mo. 43. If, however, it should appear that the contract or transaction upon which the suit is founded was effected solely by, or through, the deceased party, in behalf of himself and his survivors, the opposing party would be disqualified. *Williams v. Perkins, supra; Fulkerson v. Thornton, supra;* see, also, *Butts v. Phelps*, 79 Mo. 302. Here it was not proposed that the defendant should testify to any negotiations or transactions had by himself personally with the deceased partner, and, therefore, there was no ground on which to base the exclusion of his testimony. It is scarcely necessary to say that the prejudice to the defendant, wrought by this ruling, was not cured by the further ruling, made by the court at the close of the case, on the defendant's motion, in excluding the entire deposition of one of the surviving partners, Mr. Wallace.

II. Complaint is made of the instructions. The seventh instruction given for the plaintiffs was upon an hypothesis of fact, as to which there was no evidence. There was no evidence that the plaintiffs had attempted to direct the defendant as to the sale of the property shipped.

III. In view of another trial, we suggest the attention of the court and counsel to the question whether the two last instructions given for the defendant ought to have been given. Does not the former of them state a principle applicable only to the law of sales? And does the fact that the plaintiff firm may have solicited the business of the defendant make them liable for damages to consignments sent to them, while in the hands of the carrier? These questions are not presented to us for decision on the record before us, and we merely direct attention to them in the event of another trial.

The judgment of the circuit court will be reversed and the cause remanded. It is so ordered. Rombauer, J., concurs; Lewis, P. J., absent.