S. S. WILEY, Respondent, v. JAMES H. MORSE, Appellant.

St. Louis Court of Appeals, April 10, 1888.

WITNESSES—COMPETENCY OF ONE PARTY TO A CONTRACT TO TESTIFY AFTER THE DEATH OF THE OTHER.—Where the note sued on was made by a partnership firm, of which the partner who signed it has since died, and the suit is against the surviving partner, the plaintiff cannot, in general, testify in his own behalf. But if the defendant testify for himself, the plaintiff may testify in rebuttal. If he then introduces any facts which are not in rebuttal, the defendant must object to the specific testimony at the time.

APPEAL from the Jefferson Circuit Court, HON. JOHN L. THOMAS, Judge.

*Affirmed.*

Jos. J. WILLIAMS, for the appellant: The court erred in permitting the plaintiff to testify as a witness in the cause. The effect of the ruling of the court was to permit the plaintiff, who was the only surviving party to the notes who was cognizant of the facts connected with them, to testify in his own favor, as to facts material to the issues, when the lips of the deceased party, who alone could have opposed his testimony to that of plaintiff, were sealed by death. There was no mutuality, and hence no admissibility. *Williams' Adm'r v. Perkins*, 83 Mo. 379; *Butts v. Phelps*, 79 Mo. 302; *Meier v. Thieman*, 90 Mo. 433; 1 Whart. Evid., sec. 466; *Wallace v. Jecko*, 25 Mo. App. 313. The objection was properly made when plaintiff offered himself. The facts which rendered him incompetent had then appeared, by the pleadings and evidence, and defendant was necessarily advised of them. 1 Greenl. Evid., sec. 421; *Donelson v. Taylor*, 8 Pick. 390; *Shurtleff v. Willard*, 19 Pick. 202; *Prather v. Lentz*, 6 Blackf. 244; *Fulkerson v. Thornton*, 68 Mo. 468. If the objection had been ever so informal, respondent would be estopped from taking advantage of it. *Allen v. Mansfield*, 82 Mo. 688; *County v. Railroad*, 66 Mo. 77; *Dollman v. Munson*, 89 Mo. 85.

THOMAS & HORINE and FRED. WISLIZENUS, for the respondent: The following cases sustain the theory that plaintiff was a competent witness in his own behalf. *State v. Ryan*, 41 Mo. 510; *Looker v. Davis*, 47 Mo. 140; *Angell v. Hester*, 64 Mo. 142; *Amonett v. Montague*, 63 Mo. 201, and 75 Mo. 43; *Fulkerson v. Thornton*, 68 Mo. 468; *Bates v. Forcht*, 89 Mo. 121; *Butts v. Phelps*, 79 Mo. 302; *Pritchett v. Reynolds*, 21 Mo. App. 674; *Min v. Sherman*, 2 S. W. Rep. 435. When the verdict is for the right party on the whole record, the Supreme Court will not reverse the case, though error has been committed. *Tate v. Bancroft*, 1 Mo. 163; *Wear v. McCorkle*, 1 Mo. 158; *Wathen v.*

*English*, 1 Mo. 746 ; *Orth v. Dorschlein*, 32 Mo. 366. Though improper evidence has been admitted. *Garesché v. Deane*, 40 Mo. 168 ; Rev. Stat., 1879, sec. 3775.

THOMPSON, J., delivered the opinion of the court.

In the year 1878 the defendant and one Barrows were equal partners in the business of keeping a country store. On the twenty-sixth of September, 1878, Barrows executed a negotiable promissory note for three hundred dollars, in favor of Thomas J. Wiley, signing the firm name. thereto, and Thomas J. Wiley endorsed the same to this plaintiff. The transaction was had entirely with the plaintiff, and Thomas J. Wiley was a mere *conduit* through which the note passed to the plaintiff. On the eighteenth of October, 1878, Barrows executed another promissory note for two hundred and fifty dollars, in favor of the plaintiff, again signing the firm name thereto. Barrows died in 1881 possessed of a solvent estate of the value of some fifteen thousand dollars, which was duly administered upon and the administration closed prior to the bringing of this suit. The defendant Morse continued to carry on a store at the same place and the plaintiff dealt with him on credit, and, according to his testimony, never mentioned the fact of his possession of these notes until shortly before the bringing of the present action upon them in the year 1887. The plaintiff never exhibited the notes as a demand against the estate of Barrows, although advised to do so. Testifying as a witness, he gave as his reason for not doing so that the defendant had requested him not to do so. The defendant in his testimony denies this, but admits that he had such a conversation with the plaintiff's brother, but that it related to another note given by the partnership, and not to either of the notes in suit.

The defences stated in the answer with which we need concern ourselves were two-fold : (1) An allegation that the notes were not the notes of the firm but the individual notes of Barrows ; that Barrows had no

authority to give these notes for the firm, and that the consideration of them did not move to the firm, of which the plaintiff had knowledge—the answer was verified by the defendant's affidavit. (2) That the notes had been paid.

At the trial the plaintiff offered himself as a witness generally in the case, and, on objection of the defendant, he was not permitted to testify. Thereafter the defendant took the stand and testified as a witness in his own behalf. The plaintiff then offered himself as a witness in rebuttal of the defendant's testimony, and, against the objection of the defendant, the court admitted him as a witness. The manner in which the witness was tendered, and the objection made, are thus stated in the bill of exceptions : "Plaintiff then offered himself as a witness in his own behalf, in rebuttal of the evidence of defendant; but defendant objected, because Barrows being dead, plaintiff was not a competent witness in his own behalf; which objection the court overruled and permitted plaintiff to testify in rebuttal of defendant's testimony ; to which action of the court defendant at the time excepted." The propriety of this ruling is the sole question which arises upon this record.

We take the view that the witness was competent for the purpose for which he was tendered and for which he was admitted by the court as a witness; and that if, in the course of his examination, questions were put to him which sought to elicit matters for which he was not competent, those questions should have been made the grounds of specific objections and exceptions. The mere fact that *one* of the adversary parties to the transaction is dead does not of itself disqualify the other as a witness. *Wallace v. Jecko*, 25 Mo. App. 313 ; *Fulkerson v. Thornton*, 68 Mo. 468 ; *Nugent v. Curran*, 77 Mo. 323 ; *Williams v. Perkins*, 83 Mo. 379. But where the contract or transaction which is the subject of the suit was effected solely by or through the deceased

party, in behalf of himself and his survivors, the opposing party is disqualified. *Wallace v. Jecko, supra; Fulkerson v. Thornton, supra; Nugent v. Curran, supra; Williams v. Perkins, supra; Butts v. Phelps,* 79 Mo. 302; *Staunton v. Ryan,* 41 Mo. 510. The obvious consequence of these two propositions is, that this disqualification does not extend so far as to exclude the witness from testifying concerning those facts as to which the survivor has testified. The contrary view would, in a case like the present, turn the statute into an engine of injustice, by allowing the surviving party to detail as a witness a mass of transactions or circumstances alleged to have transpired between himself and the other party, without giving the other party the right to give his version of them. In this case Morse professedly knew nothing about the negotiations or dealings between the plaintiff and Barrows, his deceased partner, which led to the execution of these notes in the firm name by Barrows; but he was allowed to detail a number of circumstances leading to the conclusion that the notes were not debts of the partnership; such as the fact that Barrows kept the partnership books, but that no entry which could refer to the consideration of the notes was ever made upon them, and that he had not requested the plaintiff, through his brother, not to present these notes in the probate court against the estate of Barrows.

We see nothing in the testimony of the plaintiff which did not go in rebuttal of that of the defendant except the single statement that the notes had not been paid. This, if thought prejudicial, should have been objected to at the time.

Judge Rombauer concurring, the judgment is affirmed.