HENRY KLOPFER, Plaintiff in Error, v. JACOB S. LEVI, Defendant in Error.

**St. Louis Court of Appeals, January 2, 1889.**

1. **Bill of Exchange : PAYMENT BY DRAWEE.** The payment of a bill of exchange by the drawee raises no presumption of indebtedness to him on that account by the drawer. *Prima facie,* the bill was drawn against funds in the drawee's hands. If the drawee claims that the payment was in the nature of an accommodation acceptance it is incumbent on him to prove the fact.

2. **Partnership : SURVIVOR'S LIABILITY.** A surviving partner cannot be held responsible for a loan made to the deceased partner on his own account, in his lifetime, even though such loan be represented by a bill drawn by the deceased partner in the firm name, unless the loan appears to have been made on the request of the firm, and by one having no knowledge that it was to be used for other than firm purposes.

3. **Evidence : ADMISSIONS OF DECEASED PARTY.** The rule which disallows the testimony of one party to a contract after the death of the other does not exclude the testimony of witnesses who are strangers to the contract, and otherwise competent to testify as to admissions made by the deceased party against his interest.

4. **Evidence : IDENTIFICATION AND PAYMENT OF DRAFT.** Although the suit was not and could not be upon the draft, and the draft had been cancelled, it was erroneous to refuse the plaintiff permission to offer it in evidence, to identify it, and to testify that he had paid it ; these being proper links in the chain of testimony. It was in like manner erroneous to exclude the plaintiff's testimony as to his indebtedness to the partnership drawers of the bill, and as to his having loaned money to the firm.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*A. Binswanger* and *M. N. & Lee Sale,* for the plaintiff in error.

The court erred in instructing the jury to find for the defendant under the evidence because, proof that Plout was an active member of the firm of Levi & Plout and that as such he gave a draft in. the firm name drawn on plaintiff in favor of a creditor of the firm of Levi & Plout, and that plaintiff paid the said draft as an accommodation, is *prima-facie* proof of the liability of the firm for the money thus obtained. 1 Bates on Part. secs. 340, 341, 361, 370, and cases cited ; *Potter v. Dillon,* 7 Mo. 228, s. c. 37 Am Dec. 185 ; *Bascom v. Young,* 7 Mo. 1 ; *Tutt v. Adams,* 24 Mo. 186 ; *Hickman v. Kunkle,* 27 Mo. 401 ; *Deardorff v. Thacher,* 78 Mo. 128 ; *Bank v. Snyder,* 10 Mo. App. 211 ; *Bank v. Lead Co.,* 12 Mo. App. 587 ; *Feurt v. Brown,* 23 Mo. App. 332 ; *Bank v. Binney,* 5 Mason, 176 ; *Winship v. Bank,* 5 Pet. 529 ; *Stockwell v. Dillingham,* 50 Me. 442 ; *Hoskinson v. Eliot,* 62 Pa. St. 393 ; *Saltmarsh v. Bower,* 22 Ala. 221 ; *Palmer v. Scott,* 68 Ala. 380 ; *Smith v. Collins,* 115 Mass. 388. The court erred in ruling that the testimony of Henry Klopfer, plaintiff, was *prima facie* incompetent, and that his testimony must be limited to transactions between himself and defendant. Klopfer was *prima facie* a competent witness in the cause, and his testimony should have been admitted as competent, except where it clearly had reference to transactions between himself and Plout. *Fulkerson v. Thornton,* 68 Mo. 468 ; *Amonett v. Montague,* 75 Mo. 43 ; *Nugent v. Curran,* 77 Mo. 323 ; *Williams v. Perkins,* 83 Mo. 379 ; *Bates v. Forcht,* 89 Mo. 121. The court erred in excluding evidence as to whether Plout had previously issued notes or drafts in the name of Levi & Plout. Bates on Partnership, sec. 320, and cases cited ; *Holt v. Simmons,* 16 Mo. App. 97 ; *Hayner v. Crow,* 79 Mo. 293. The court erred in excluding the testimony of Joseph

Schoen as to the state of accounts between Klopfer and the firm of Levi & Plout, after it was shown that the books of account could not be found, reasonable efforts having been made to find them. Where a party is incompetent to testify because the other party is dead, it is proper to resort to any circumstances having a tendency to throw light upon the particular transaction. *Kincheloe v. Priest*, 89 Mo. 240. The court erred in causing to be stricken from the record the statement of plaintiff that his payment of the draft was a loan of the money.

*Krum & Jonas*, for the defendant in error.

The testimony of Harris and that of plaintiff in error, who testified to the allowance of plaintiff in error's demand against the individual estate of J. H. Plout in the probate court, together with the testimony of Benjamin Eiseman and Joseph Schoen, as to the loan made by plaintiff in error being an individual one to J. H. Plout; and the omission of plaintiff in error to prove his claim or to make the attempt to prove the same against the partnership estate which was administered upon by defendant in error, was all indicative that the loan made by the plaintiff in error was an individual one to J. H. Plout, the deceased, for his sole use and benefit, and not a loan made to the firm of Levi & Plout. It will be remembered that this is not a suit upon the bill of exchange, for that instrument was cancelled when paid; but one for money alleged to be loaned to the firm of Levi & Plout, at their request; and it devolved upon plaintiff in error, in order to sustain his case against defendant in error, to show that the request for the loan was made by Levi & Plout independent of the bill of exchange—that is to say, he was bound to prove that the bill of exchange was honored by himself, purely as a matter of accommodation

to Levi & Plout. This he failed to do, as the record will show. Klopfer was a party to the contract and cause of action; and Plout, the deceased, was the other party to the contract; therefore, under the statute, Klopfer was incompetent to testify to anything that occurred between himself and Plout respecting the transaction; and the exclusion of this character of testimony upon objection from defendant in error was proper. *Pritchett v. Reynolds*, 21 Mo. App. 674; *Angel v. Hester*, 64 Mo. 142; *Looker v. Davis*, 47 Mo. 145; *Ring v. Jamison*, 66 Mo. 429; *Hisaw v. Sigler*, 68 Mo. 449. As before stated, this suit is for the balance of an alleged loan of money said to have been made by plaintiff in error to the firm of Levi & Plout, at its request, and is not a suit upon a bill of exchange. Were it a suit upon Levi & Plout's acceptance or promissory note, the defendant in error, as a member of that trading partnership, might be held *prima facie* liable by the introduction in evidence of the firm paper sued upon; but the bill of exchange introduced in evidence was not the subject of the suit, and could not have been. It was cancelled paper, and *prima facie* it imported that the plaintiff in error was indebted to the firm of Levi & Plout, and had liquidated that indebtedness by honoring the bill. The bill of exchange was admitted in evidence only as a circumstance in support of the plaintiff's case, to be supplemented by other competent testimony showing that the bill was paid by plaintiff in error at the request of Levi & Plout, purely as a matter of accommodation to them. Plaintiff failed to supply this other testimony, and was not entitled to recover upon his case as presented.

PEERS, J., delivered the opinion of the court.

This is a suit brought in the St. Louis circuit court by Klopfer, plaintiff in error, against Levi, defendant in error, for a balance of $445.77 of an alleged loan of

$1,505.33, said to have been made by plaintiff in error to the firm of Levi & Plout on June 20, 1882, at the request of said firm, which firm was then doing business at Malden, Missouri, and was composed of defendant in error and one J. H. Plout, who died July 4, 1882. The loan was alleged to have been effected by the said Levi & Plout, in their firm name, they executing and delivering to Adler, Goldman & Co., the payees, their negotiable bill of exchange in writing, drawn upon plaintiff in error for the sum of $1,505.33, payable at sight, which said bill of exchange it is alleged plaintiff in error honored upon presentation and thereafter proved in the shape of a demand against the individual estate of said Plout, and received thereon, from his administrator, at various times, the sum of $1,059.56, thus leaving the alleged balance of $445.77 sued for. The answer is a general denial and the plea of the statute of limitations of five years ; but this plea was not in issue at the trial. Upon the close of the plaintiff's evidence, the court instructed the jury that the plaintiff could not recover· The plaintiff declining to take a non-suit notwithstanding such instruction, the court ordered the jury to return a verdict for the defendant. From the judgment thus rendered the plaintiff appeals.

It will be thus seen that two questions only can arise upon the record. First, did all the evidence which plaintiff offered make out a *prima-facie* case which entitled him to go to the jury ; second, did the court improperly exclude any evidence offered by the plaintiff.

The bill of exchange mentioned in the plaintiff's petition, is in evidence. It is a sight-draft drawn by Plout in the firm name of Levi & Plout, payable to the order of Adler, Goldman & Co., which on the reverse side bears the indorsement of Adler, Goldman & Co., and the stamp of the Fourth National Bank showing its payment. Production of a bill by the acceptor is

*prima-facie* evidence of his having paid it, where it is shown that it was in circulation after acceptance, particularly when the receipt on the back is shown to be by one authorized to receive payment, and a receipt on the back of the bill not stating who made payment raises the presumption that the acceptor paid it (Daniels Neg. Inst. secs. 812, 1205, 1206), and in principle there seems to be no difference whether the party producing the bill is the acceptor, or, as in this case, the drawee without acceptance, this being a sight-draft requiring no acceptance.

But as this purports to be a suit by the drawee against the drawer of the bill, the fact of payment, even if shown, makes out no case, since the bill itself imports no liability of the drawer to the drawee; on the contrary, the presumption is that the bill was drawn against funds and if the drawee paid it he did no more than he was legally bound to do. If therefore the drawee who made payment seeks to recover from the drawer, on the theory that the payment was in the nature of an accommodation acceptance, it is incumbent upon him to show the fact, the action being in the nature of money paid at the drawer's request. Of this ultimate fact, there is no evidence in the record. Nor is there any evidence that the funds went to the credit of the firm of Levi & Plout. The only witness competent to testify, and who testified as to that part of the transaction, was one Schoen who had been book-keeper of Levi & Plout, and J. H. Plout also. On the stand this witness was asked whether he knew of any dealings between the firm of Levi & Plout and Henry Klopfer; he answered, "none to my knowledge." The witness further testified that he knew of the facts in reference to the draft in question, that it was to replace a loan made by Mr. Plout, from Adler, Goldman & Co., to take up an individual note of his own which fell due that day. So that, as far as the evidence goes, it shows that the loan was not for

the benefit of the firm of Levi & Plout, but a transaction personal to Mr. Plout, and for which Mr. Levi cannot be held responsible, unless the loan was made upon the request of the firm, by one having no knowledge that it was to be used for other than firm purposes.

Upon the other question, we think the court erred in excluding the testimony of Schoen, as to the admissions of Plout. True, Plout was dead, but we do not understand the rule to be, that because one party to the contract is dead, his admissions against his interest, made to a party competent to testify, cannot be used in evidence. The statute excluding the evidence of one party to the contract or cause of action, where the other party thereto is shown to be dead, has no application to the admissions of such person made to witnesses who are strangers to the contract and otherwise competent to testify.

Nor do we see any good reason why the plaintiff should not be permitted to identify the draft signed by the firm name of Levi & Plout. The draft was cancelled, but it does not lose its evidential character by reason of that fact. The suit was not, and could not be upon the draft, but that fact does not prevent the plaintiff from offering the draft as a link in the chain of testimony, and identifying it. The evidence offered, to the effect that plaintiff paid the draft, was also proper and should not have been excluded. The witness was asked if he was indebted to the firm of Levi & Plout, or if he loaned the firm of Levi & Plout money, all of which was excluded by the court. This ruling would have been proper enough if the action were against Plout, who was dead, but against Levi, who was living and competent to testify, the evidence was competent and should not have been excluded. *Fulkerson v. Thornton*, 68 Mo. 468.

For these reasons, the judgment of the circuit court will be reversed and the cause remanded. All concur.