JOHN B. ROEDER, Appellant, v. ALICE G. SHRYOCK, Executrix of WILLIAM P. SHRYOCK, Respondent.

St. Louis Court of Appeals, March 26, 1895.

1. **Appeals:** NONSUIT IN TRIAL COURT. In this cause the plaintiff took a nonsuit after an adverse ruling in the trial court affecting his entire right of recovery. *Held,* that the nonsuit was not voluntary, so as to debar him from a review of the ruling on appeal.

2. **Accounts:** FORM OF ASSIGNMENT. No formal assignment of an account is necessary to the transfer of the title thereto; any act showing an intention to make the transfer will suffice.

3. **Witnesses:** CONTRACT WITH AGENT OF DECEASED PARTY: COMPETENCY OF SURVIVING PARTY. The death of one party to the contract will not affect the competency of the other as a witness in an action on the contract by the latter against the executor of the former, if the decedent, in the making of the contract, was represented and acted throughout by an agent who is alive.

4. **Administration:** AMENDMENT OF DEMAND PRESENTED FOR ALLOWANCE. A demand presented in the probate court for allowance against the estate of a decedent may, on appeal, be amended in the circuit court, when the matters in controversy are not substantially changed thereby.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*John A. Gilliam* for appellant.

*Minor Meriwether* for respondent

ROMBAUER, P. J.—The plaintiff on March 6, 1893, exhibited in the probate court a claim against the estate of Wm. P. Shryock. The claimant stated, in substance, that he and one Ritchie composed the law firm of Roeder & Ritchie, and that the services of said firm were engaged in 1877 by the firm of Shryock & Rowland to collect a claim which the latter firm had against certain parties in Camden county, Missouri; that they prosecuted said claim to judgment in 1880, and took a mortgage from the judgment debtor to secure the judgment, which mortgage was foreclosed in the year 1884, and that the firm of Shryock & Rowland became the purchaser of the land mortgaged, and took the title in the name of Shryock as trustee for the firm of Shryock & Rowland; that thereafter it was agreed that Roeder & Ritchie should attend to the renting of the land and paying taxes thereon, and to necessary repairs, until the land could be sold; that such services were rendered until September 10, 1890, shortly after which time Shryock died; that it was also agreed that Roeder & Ritchie should be paid for their services when the land was sold, and that the land was not sold by Shryock's executrix until 1892. The claimant further stated that Ritchie had assigned his interest in the claim to the claimant.

The executrix upon the trial of the claim in the circuit court on appeal filed a written answer, denying the rendition of the services, and setting up in bar the statute of limitations of five years. Upon these pleadings the cause was tried. The court ruled out evidence offered by the claimant in support of his claim, and denied him the right of joining his former partner Ritchie as a coplaintiff, whereupon the plaintiff took a nonsuit, and, after an ineffectual motion to set it aside,

brings the case here by appeal. The errors assigned are these rulings of the court.

It is contended by the respondent that the appellant is in no position to have the errors of the court reviewed on appeal, because the nonsuit taken by him was voluntary. Where the plaintiff needlessly takes a nonsuit, the appellate court will not relieve him. *Gentry County v. Black*, 32 Mo. 542. Thus it was held in *Chiles v. Wallace*, 83 Mo. 84, that so long as the rulings of the court leave the plaintiff a substantial cause of action, his withdrawal from the court is his own act and deprives him of the right of appeal. But when the rulings of the court are adverse to the plaintiff on some question affecting his *right of recovery*, the nonsuit which he takes is not voluntary in that sense, and, if the court refuses to set it aside and correct its erroneous rulings, the plaintiff may have them reviewed on appeal without proceeding to final judgment. *Chouteau v. Rowse*, 90 Mo. 191. In the case at bar the rulings of the court affected the plaintiff's entire right of recovery, and the nonsuit taken by him was in no sense voluntary.

The first erroneous ruling complained of is that the court ruled out an instrument offered in evidence by the plaintiff, which he claims tended to show an assignment of this claim from Ritchie to him. It was shown that the partnership of Roeder & Ritchie was dissolved in 1884. The articles of dissolution provided, among other things, that Ritchie was to remain in the business till January 1, 1885, to close up the unfinished foreign business, *i. e.*, claims against debtors outside of St. Louis, the fees of which were to be equally divided between the partners, and that on the first day of January, 1885, Roeder was to succeed to the entire unfinished business, both city and foreign.

It has been decided in *Smith v. Sterritt*, 24 Mo. 260,

that no formal assignment of an account is necessary, and that any act showing an intention to transfer it is sufficient. Such has always been the law of this state. The instrument offered in evidence is certainly susceptible of the interpretation, that after the first of January, 1885, Roeder was to succeed to the entire unfinished business of the firm, including fees earned during the existence of the firm, but not collected by Ritchie prior to January 1, 1885. Ritchie was present in court while the case was tried, and there is no pretense that he set up any claim to any portion of these uncollected fees. In fact, he was prepared to testify that he claimed none under the articles of dissolution, but his testimony was ruled out on the technical ground that the defendant was an executrix, and he, as assignor of the account, was an incompetent witness, under the provisions of section 8918 of the Revised Statutes, to prove the fact against her. We must hold that the court erred in not admitting the articles of dissolution in evidence as tending to show an assignment of this claim to the plaintiff.

The next error complained of is the exclusion of the plaintiff as a witness to prove what transpired between him and Rowland after the sale of the farm in 1884, so as to take the claim out of the bar of the statute of limitations. There was ample evidence *aliunde* that the firm of Roeder & Ritchie did render services to the firm of Shryock & Rowland in the collection of the Camden county claim, and that such services had not been paid for. Rowland, as a witness for plaintiff, so testified, and the fact also appeared by some depositions offered in evidence. For the purpose of showing that these services continued up to 1890 under a request as stated in the claim, the plaintiff called Rowland as a witness, but the latter had no recollection of the matter. A letter of Shryock to Roeder & Ritchie was offered in evidence, which was written in Paris, Kentucky, and

bore date June, 1881, and contained, among other things, the following statement: "Any matters connected with the old firm of Shryock & Rowland *you will refer directly to D. P. Rowland;* otherwise to me here." It was in evidence that the firm of Shryock & Rowland had dissolved prior to that date. It was also in evidence that, subsequently to said date, Rowland had several interviews with plaintiff touching the business of Shryock & Rowland. The court excluded the plaintiff as a witness on the ground that, the suit being against an executrix, he was incompetent to testify as to what passed between him and Rowland prior to the death of Shryock. In this we think the court likewise erred. The deceased, by referring Roeder & Ritchie to Rowland as to all matters connected with the old firm of Shryock & Rowland, necessarily constituted Rowland his agent as to such matters. Knowing that Roeder & Ritchie, as attorneys, had claims of the old firm in their hands for collection, such reference implied that Rowland should give them directions in regard to the prosecution of such claims. As there was evidence tending to show the agency of Rowland in this matter, and as Rowland was alive and competent to testify, the plaintiff was a competent witness to show what passed between him and Rowland within the scope of Rowland's agency. The words in the statute, "unless the contract was made with a person who is living and competent to testify," include the person through whose agency the contract was made. The object of the statute is to put parties upon a footing of equality, and when all the parties who made the contract *in fact* are living, there is no valid reason for disqualifying either as a witness. *Fulkerson v. Thornton,* 68 Mo. 468; *Wallace v. Jecko,* 25 Mo. App. 313; *Williams v. Edwards,* 94 Mo. 447; *Miller v. Wilson,* 28 S. W. Rep. 640. We are not dealing in this court with the effect of the evidence, but with the com-

petency of the witness.    The effect of the evidence is an ulterior inquiry which will arise when the evidence is heard.

We see no error in the exclusion of the evidence of Ritchie, as it had no relation to the contract between Rowland, as Shryock's agent, and Roeder & Ritchie or John B. Roeder.    Nor was there any error in the denial by the court of leave to join Ritchie as a party plaintiff, since plaintiff claimed as Ritchie's assignee, and was the only true party in interest under such claim.    The amendment of the claim which the plaintiff desired to make, so as to show that the services were performed up to July 1, 1884, by Roeder & Ritchie, and after that date by Roeder alone, the court should have permitted. That amendment did not substantially change the matters in controversy between the parties, or in any way prejudice the defense.    Revised Statutes, 1889, sections 292, 2097, 2098.

For error in the rulings of the court, as hereinabove stated, the judgment is reversed and the cause remanded.    All concur.